JOSEPHINE BUCHANAN V. ROY GIRVIN.

No. 8180. Decided January 12, 1943.
(176 S. W., 2d Series, 729.)

*Goldsmith & Bagby, Raymond Furr* and *Arthur P. Bagby,* all of Austin, *Maurice R. Bullock, of Ft. Stockton,* and *Jones, Hardie, Grambling & Howell, El Paso,* for petitioner.

It was error for the Court of Civil Appeals to hold that Article 3927, R. C. S. 1925, as amended does not authorize or direct the clerks of the district courts to charge an appearance fee of fifteen cents for a nonresident defendant whose appearance in the case is made by an attorney appointed by the court. Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Texas 21, 52 S. W. (2d) 56; Stephens County v. Hefner, 118 Texas 397, 16 S. W. (2d) 804; Arrowwood v. Blount, 121 Texas 52, 41 S. W. (2d) 412; 39 Tex. Jur. 243.

*W. A. Hadden,* of Ft. Stockton, for respondent.

It was error for the trial court to overrule plaintiff's motion to retax the costs and eliminate the item of $372.60 as appearance fee for the nonappearing defendants, as in its common use appearance signified an overt act by which one submits himself to the jurisdiction of the court, and this being a suit in rem, the law does not authorize an attorney appointed by the court to appear for said defendants. 7 C. J. 904; Holliman v. Campbell, 57 Texas 54; McCalla v. City of Rockdale, 246 S. W. 654.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This appeal involves a question of costs, not heretofore judicially decided. Roy Girvin filed a suit in the District Court of

Pecos County, Texas, in trespass to try title and to remove cloud from title to a tract of land in that county. In such suit 2,484 defendants, cited by publication, failed to answer. At the proper time, and as required by law, the district court appointed an attorney to represent such nonappearing defendants. This attorney filed answer for all the nonappearing defendants so cited by publication, and we assume appeared and represented such defendants at the trial. The trial of the case resulted in a judgment for Roy Girvin, except it was adjudged that he pay all costs. No appeal has been prosecuted from the judgment regarding the land.

The District Clerk taxed as part of the costs in that court the sum of 15c for entering the appearance of each defendant cited by publication, and for whom the above-mentioned attorney appeared and answered. The total sum so taxed amounts to $372.60.

Roy Girvin filed a motion in the district court to retax and eliminate the above item of $372.60, contending that it was illegally taxed because not provided for by law. The trial court duly heard such motion, and entered his judgment and decree overruling the same. Girvin appealed to the Court of Civil Appeals at El Paso. On final hearing that court reversed the judgment of the district court, and rendered judgment eliminating the above-mentioned item of costs. The case is before this Court on writ of error granted on application of the District Clerk.

The decision of this case depends on the construction which ought to be given Art. 3927, R. C. S. of Texas, 1925. Such statute, so far as pertinent here, reads as follows:
"The clerks of the district courts shall receive the following fees in civil cases for their services:

    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

"Entering appearance of each party to a suit, to be charged but once . . . . . . . . . . . . . . . .15

    &ast;    &ast;  &ast;&ast;   &ast;    &ast;   &ast;."

The District Clerk claims the right to tax and collect these fees under the above statute. Simply stated, the District Clerk contends that when the attorney appointed to represent the 2,484 defendants cited by publication appeared and answered for such defendants, an appearance was made by or for them within the meaning of the above statute so as to render Roy Girvin personally liable for the fees here involved. Roy Girvin contents

that the District Clerk illegally taxed these fees, and illegally demands payment thereof, because the appearance referred to in Art. 3927, supra, as applied to defendant, means a personal appearance accomplished by the defendant appearing in person, or by an attorney of his own selection, or by an authorized agent, and does not mean an appearance by an attorney appointed by the court to defend the suit.

■ We are in accord with the contention of the District Clerk. It is true that it would not be proper to render a personal judgment for costs against a defendant cited by publication in a quasi in rem proceeding, but we do not consider such rule controlling in this instance. This was a suit in trespass to try title to such land as against the named defendants cited by publication. It was therefore a proceeding quasi in rem. 1 Amer. Jur. p. 437, sec. 46. The district court had jurisdiction over such cause. Even though the attorney appointed by the court to represent the defendant cited by publication could not make a personal appearance for them, so that a personal judgment could be rendered against them for costs, still he could, and did, make shuch appearance for them as clothed the district court with jurisdiction to adjudicate their title, or titles, to the land in question. We think that such an appearance comes within the literal meaning of Art. 3927, supra. To our minds, to give this statute the construction contended for by Girvin would be to read into it a provision neither expressly nor by implication contained therein.

■ At this point we call attention to the fact that the very identical question of law here involved was submitted, in 1931, to Honorable James V. Allred, Attorney General of Texas, and he then delivered an official opinion thereon in all things in harmony with the views we have expressed. Biennial Rept. of Atty. Gen. of the State of Texas, 1930-1932, p. 306, Op. No. 2871. If we should concede that the statute here involved is of doubtful meaning, or in any way ambiguous, we would give great weight to this departmental opinion rendered by the Attorney General of Texas so many years ago. Manifestly it is more than probable that such opinion has guided the official actions of many of the district clerks of this State since its rendition.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion delivered January 12, 1944.