**O. C. SMITH et al., Plaintiffs-Appellants,**

v.

**HUMBLE OIL AND REFINING COMPANY, Inc., Defendant-Appellee.**

No. 28386.

United States Court of Appeals,
Fifth Circuit.

May 22, 1970.

Leighton Cornett, Paris, Tex., Steven G. Condos, Dallas, Tex., for plaintiffs-appellants.

Frank L. Heard, Jr., Houston, Tex., for defendant-appellee.

Before WISDOM, GOLDBERG, and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court dismissing plaintiffs' complaint for lack of jurisdiction. We affirm.

The litigation before us had its genesis in a 1934 trespass to try title suit brought in a Texas state court. In that suit Humble Oil and Refining Company, defendant herein, sought to clear the title to certain land in East Texas on which it had an oil lease. That suit apparently resulted in a determination that Humble had a valid leasehold in the land and that title to the disputed property rested in parties other than the plaintiffs' predecessors in title.

In 1965 plaintiffs filed a petition for a bill of review in the District Court of Rusk County, Texas, seeking to set aside

the 1934 judgment, alleging that it was obtained by fraudulent conduct on the part of Humble. Subsequently, in October 1968 plaintiffs filed this suit in the United States District Court for the Eastern District of Texas, seeking to set aside the same 1934 judgment. Humble filed a motion to dismiss, asserting that the prior pendency of the state proceeding prevented the federal court from exercising jurisdiction over the property in question. The trial court, upon finding that the bill of review proceeding was still pending in the state court dismissed the plaintiffs' petition for lack of jurisdiction over the subject matter. Plaintiffs have appealed. Agreeing with the determination of the district court, we affirm.

The original 1934 trespass to try title suit was an action to settle title as between the named plaintiffs and named defendants regarding specific land. It was therefore an action *quasi in rem.* Humble Oil and Refining Co. v. Sun Oil Co., 5 Cir. 1951, 191 F.2d 705, cert. denied, 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687, Buchanan v. Girvin, 1944, 142 Tex. 134, 176 S.W.2d 729. In the state bill of review proceeding filed in 1965 and in the federal proceeding now before us the plaintiffs prayed that the original 1934 judgment be set aside and that title to the land be adjudged to rest in plaintiffs' predecessors. Thus both suits involve a relitigation of the merits of the title controversy litigated in the 1934 suit. It follows that both the state and federal suits to review the 1934 judgment are *quasi in rem* proceedings, since the object in both is to relitigate the same issue involved in the trespass to try title suit, a *quasi in rem* proceeding. The question, therefore, is whether the federal court had jurisdiction to entertain the *quasi in rem* proceeding involved here when an identical suit involving the same property was pending in the state court.

■■ It has long been the rule that once a court, state or federal, has assumed jurisdiction of an *in rem* or *quasi in rem* proceeding, then that court may exercise its jurisdiction to the exclusion of any other court and the res in question is withdrawn from the jurisdiction of any other court. Princess Lida of Thurn and Taxis v. Thompson, 1939, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Penn General Casualty Co. v. Pennsylvania, 1935, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Kline v. Burke Constr. Co., 1922, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226; Palmer v. Texas, 1909, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435. Thus it is clear that once the plaintiffs filed their 1965 bill of review proceeding in the Texas court, that court's jurisdiction attached and the federal district court was without jurisdiction to entertain plaintiffs' subsequent suit involving title to the same property. We therefore conclude that the court below was correct in dismissing the present case because of the prior pendency of bill of review proceedings in the Texas court.

■ The plaintiffs, however, have asserted before this court, both in their brief and on oral argument, that the state bill of review proceeding has been dismissed. The record is devoid of any evidence that this assertion was ever presented to the trial court. Moreover, the record before us is devoid of any evidence that the state suit has in fact been dismissed. Under the circumstances we cannot indulge in clairvoyance and assume that the state proceeding is not still pending. For aught that appears of record the state court has exclusive jurisdiction over the res in issue.

The order of the district court dismissing the plaintiffs' complaint is affirmed.