20997. MILAM v. ADAMS et al.

Argued October 10, 1960—Decided November 10, 1960.

*James Maddox,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, Clinton J. Morgan,* contra.

MOBLEY, Justice. It is well settled not only by decisions of this court, beginning with *Worthy v. Johnson,* 8 Ga. 236 (52 Am. Dec. 399), and *McWhorter v. Beavers,* 8 Ga. 300, and followed in *Methvin v. Bexly,* 18 Ga. 551, *Colbert v. Moore,* 64 Ga. 502, and *Lowe v. Rawlins,* 83 Ga. 320 (10 S. E. 204, 6 L. R. A. 73), but by statute (*Code* §§ 39-1307, 39-1311) that caveat emptor applies to judicial sales.

*Code* § 39-1307 provides: "The purchaser shall look for himself as to the title and soundness of all property sold under judicial process. Actual fraud or misrepresentation by the officer or his agent may bind him personally. No covenant of warranty shall bind him individually, unless made with that intention and for a valuable consideration." *Code* § 39-1311 provides that the purchaser at a judicial sale is not bound to

look to the appropriation of the funds, nor to the returns of the officer, nor is he required to see that the officer has complied with all the regulations; but, "The innocent purchaser shall be bound only to see that the officer has competent authority to sell, and that he is apparently proceeding to sell under the prescribed forms."

"The purchaser at Sheriff's sale, depends upon the 'judgment, the levy and the deed.' " *Brooks v. Rooney,* 11 Ga. 423 (5) (56 . Am. Dec. 430). "He must see to these and guard himself against their illegality." *Morris v. Davis,* 75 Ga. 169, 174 (2).

The requirement of *Code* § 39-1307 that, "The purchaser shall look for himself as to the title," and of *Code* § 39-1311 that "The innocent purchaser shall be bound only to see that the officer has competent authority to sell," means that the purchaser must determine for himself the validity of the judgment and the execution issued thereon, the levy made by the sheriff and the sale or deed of the property. He buys at his peril insofar as the judgment, the levy, and the deed are concerned; and where, as here, the deed conveyed no title because the defendant in fi. fa. had no leviable interest in the property, he acquired no title.

In *McWhorter v. Beavers,* 8 Ga. 300, supra, which has been followed by this court and the Court of Appeals, this court held: "Where property of a defendant in execution is seized and sold by the sheriff and there is no warranty of title on the part of the defendant in execution or the sheriff, the maxim of caveat emptor applies to the purchaser of property at sheriff's sale; and the purchaser at sheriff's sale cannot maintain an action against the defendant in execution for so much money paid to his use on failure of such title to the property so purchased." We see no distinction between that case and this. There, the title of the defendant failed. Here, the title of the defendant failed. The only trouble there was that the sheriff levied on and sold property which was not the property of the defendant in fi. fa., and the same is true here. See also *Methvin v. Bexly,* 18 Ga. 551, supra, where the same situation existed. In *Colbert v. Moore,* 64 Ga. 502, supra, this court held that a purchaser at an administrator's sale could not repudiate his bid because of a defective title, or no title at all, in the intestate. In *Lowe*

*v. Rawlins,* 83 Ga. 320, supra, Justice Bleckley, after pointing out that caveat emptor applied to all judicial sales, observed: "We think a necessary result of the rule is, that the money produced by a sheriff's sale is to be regarded, not as the money of the purchaser, but as that of the defendant in fi. fa."

Where at the sale the property brings more than enough to satisfy the judgment, it is the duty of the sheriff to turn the excess over to the defendant in fi. fa. *Pinkston v. Harrell,* 106 Ga. 102 (31 S. E. 808, 71 Am. St. Rep. 242).

The Court of Appeals, in holding that caveat emptor does not apply to void judicial sales, follows the dissenting opinion of Judge Stephens in *Brady v. Smotherman,* 51 Ga. App. 480, 489 (180 S. E. 862), and relies upon the decision of this court in *McCord v. McGinty,* 99 Ga. 307 (25 S. E. 667), and cases there cited. In each of those cases, the grantee in a deed to secure debt failed to comply with the requirement that he reconvey the title to the grantor before selling the property under the power contained in the deed to secure debt. The court held the sale under the foreclosure void, and did not require the purchaser to pay his bid. Those cases are distinguishable from this, in that there the party foreclosing simply was not permitted to take advantage of his own failure to do that which the law required of him as a condition precedent to foreclosing and selling the property. The court simply left him where he was by reason of his own failure to perform that which the law required of him.

"In *Keen v. McAfee,* 116 Ga. 728, 731 (42 S. E. 1022), the Supreme Court, in dealing with a void judicial sale, held that in all judicial sales in Georgia the doctrine of caveat emptor applies, that the purchaser at such a sale must at his peril ascertain that the officer making the sale has competent authority to sell under prescribed forms, that such purchaser cannot repudiate his bid where there is a defective title or no title at all, unless there is fraud, and that a purchaser at such a sale is bound to look to the judgment, the levy and the deed . . . The doctrine of caveat emptor is applicable where the purchaser at a sheriff's sale gets a defective title, and also where no title to the property sold passes to the purchaser, the sheriff's sale being void on account of a grossly excessive levy. This is true in Georgia,

although the rule prevailing in many other jurisdictions seems to be that the doctrine of caveat emptor 'has its legitimate force and effect in precluding any idea of a warranty,' and that it is not applied strictly to void judicial sales. Note, 68 A. L. R. 681." *Brady v. Smotherman,* 51 Ga. App. 480, 483, supra.

Judge Sutton, in the majority opinion of the Court of Appeals in the *Brady* case, where there was a void levy, ably and comprehensively reviews the many decisions of this court and the Court of Appeals on the question of application of the doctrine of caveat emptor to judicial sales. Judge Jenkins in a concurring opinion and Judge Stephens in a dissenting opinion throw additional light on the subject. A further review of the cases dealing with this question would add nothing to their treatment of the subject.

The purchaser in the instant case took with notice that the defendant in fi. fa. had no title to the property levied upon except by reason of the statute which provided that the title which he had conveyed away under a deed to secure debt would revert to him after twenty years under certain conditions. He necessarily relied upon this statute at his peril, and when the title of the defendant in fi. fa. failed by reason of the unconstitutionality of that statute, the purchaser acquired no title to the property. "An unconstitutional statute, though having the form, features, and name of law, is in reality no law. It is wholly void. In legal contemplation it is as inoperative as if it had never been passed. It has been declared that it is a misnomer to call such statute a law. Such a statute confers no authority upon anyone, and affords protection to no one." *Dennison Mfg. Co. v. Wright,* 156 *Ga.* 789, 797 (4) (120 S. E. 120).

Accordingly, the petition did not state a cause of action for recovery of the amount paid by the sheriff to the defendant in fi. fa., and the Court of Appeals erred in affirming the judgment of the trial court overruling the general demurrer to the petition.

*Judgment reversed. All the Justices concur.*