21198. OLIVER *et al.* v. OLIVER *et al.*

CANDLER, Justice. Briefly stated, the pleadings in this case show the following: John M. Oliver and Mrs. Annie Grace

Oliver were married in 1948. On July 22, 1948, Hiram A. Bush by warranty deed conveyed to John M. Oliver certain realty in Sumter County for a consideration of $5,000. Mrs. Annie Grace Oliver personally made the down payment of $1,000, and the balance of the purchase price was paid during the period from July 22, 1948, to August, 1955, at the rate of $40 per month, and Mrs. Annie Grace Oliver "helped make the monthly payments." By reason of such payments, she became and is the equitable owner of an undivided one-half interest in the realty so purchased. During April, 1960, John M. Oliver was adjudicated insane and committed to the Milledgeville State Hospital, but no guardian either of his person or of his property was appointed. On September 14, 1960, he was granted a furlough from such hospital through the efforts of his mother, Mrs. Maude C. Oliver, and others including W. B. Perry, though he was at the time still insane. On September 15, 1960, and for a recited consideration of "Love and affection," he conveyed the aforementioned realty by warranty deed to his mother, Mrs. Maude C. Oliver, and on the same day she conveyed it to W. B. Perry to secure the payment of her note to him of the same date for $2,500. On September 30, 1960, Mrs. Annie Grace Oliver in her individual capacity and as next friend of John M. Oliver, her husband, filed an equitable suit in the Superior Court of Sumter County against Mrs. Maude C. Oliver and W. B. Perry, and in addition to the facts stated above, her petition alleged that the defendants had actual knowledge of her interest in the realty involved at the time they acquired title to it, and also of the fact that John M. Oliver was an insane person or a person incompetent to contract when he conveyed it to the defendant Mrs. Maude C. Oliver, his mother. Her petition also alleged that she was not living with her husband, but had on September 16, 1960—two days after he was released from the State Hospital—moved away from the home they had jointly purchased solely because of her fear of bodily harm from him. She also alleged that John M. Oliver owns certain items of personal property and that, because of his mental incompetency, a receiver should be appointed to hold and care for all of his estate. She prayed that her interest in and to half of the subject realty be set up and established; that the deeds from John M. Oliver to Maude C. Oliver and from Maude C.

Oliver to W. B. Perry be canceled; that a receiver be appointed to take charge of and administer all of the property of John M. Oliver; and that the defendants, Maude C. Oliver and W. B. Perry, be enjoined from making any deed, transfer, or contract affecting in any way title to the subject realty.

The defendants demurred to the petition on several different general and special grounds. The court sustained each and every ground of the demurrers, but granted the plaintiffs leave to amend the petition in fifteen days to meet the demurrers. Within the time allowed, the plaintiff, Mrs. Annie Grace Oliver, in her individual capacity amended the petition by striking the name of John M. Oliver as a party plaintiff, and moving that a rule nisi be issued requiring him to show cause why he should not be made a party defendant to the cause, and that a guardian ad litem be appointed to represent him. The rule was issued and the defendant W. B. Perry was appointed to represent him in the capacity of a guardian ad litem. The amendment further alleges that the plaintiff, Mrs. Annie Grace Oliver, is entitled to recover reasonable attorney's fees from the defendants Mrs. Maude C. Oliver and W. B. Perry, since they had acted in bad faith respecting the subject matter of her cause, and there is a prayer for such a judgment. The amendment amplifies the allegations of the original petition respecting the mental incompetency of John M. Oliver to contract and the efforts made by the defendants, Mrs. Maude C. Oliver and W. B. Perry to have him released from the Milledgeville State Hospital. The amendment was allowed subject to objection and demurrer, but the motion to make John M. Oliver a party was never heard and he never became a party defendant to the cause. The defendants renewed their demurrers to the petition as amended, and demurred further to it as thus amended on both general and special grounds. The court sustained each and every ground of the demurrers, dismissed the amended petition and dissolved a previously granted restraining order. The exception is to that judgment. *Held:*

1. It is a well-settled rule of law in this State that all persons who are directly or consequentially interested in the result of a suit in equity should be made parties thereto, either plaintiff or defendant. *Code Ann.* § 37-1004; *Flinn v. Flynn*, 210 Ga.

280 (79 S. E. 2d 534), and citations. And where such a suit fails to name essential and indispensable parties, namely, those who will be adversely or prejudicially affected by the decree prayed for, it is defective and subject to demurrer. *Blaisdell v. Bohr,* 68 Ga. 56; *Henderson v. Napier,* 107 Ga. 342 (2) (33 S. E. 433); *Parnell v. Wooten,* 202 Ga. 443 (43 S. E. 2d 673).

2. In the instant case, John M. Oliver would be directly and prejudicially affected by the grant of any of the relief sought by the amended petition. Consequently, he was an essential and indispensable party to the proceeding; but, as shown by our statement of the case, he was by an amendment to the petition eliminated as a party thereto, and was not a party to the cause when the judgment excepted to was rendered. For this controlling reason, it must be and is held that the judgment complained of is not erroneous. See *Brown v. Brown,* 97 Ga. 531 (25 S. E. 353, 33 L. R. A. 816).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 14, 1961—DECIDED APRIL 6, 1961.

*Myers & Fortson, J. Frank Myers,* for plaintiffs in error.
*Horne & Fort, Eugene Horne,* contra.