## 24707. HENTON v. GOULD.

FRANKUM, Justice. Eunice Gould instituted a dispossessory warrant proceeding against Rena Henton. The defendant tendered her counter affidavit and bond, and in the counter affidavit denied that the relationship of landlord and tenant existed between her and the plaintiff. Before the matter came on for trial the defendant amended her defensive pleading by alleging that the plaintiff claimed the right to dispossess her by virtue of a certain described deed to secure debt allegedly executed by the defendant containing a power of sale under which the property had been sold and conveyed by deed to one Harry Gould. Defendant alleged in her amendment various facts by reason of which she contended the deed to secure debt and the deed executed under the power were void. She prayed, among other things, that the aforesaid deeds be declared null and void; that they be canceled of record; and that the note referred to in the deed to secure debt be canceled and set aside. No demurrer or objection to this amendment

was filed, and when the case came on for trial the plaintiff and her counsel failed to appear. The case was submitted to a jury which returned a verdict in favor of the defendant, and thereafter the court rendered a judgment on the verdict dismissing the dispossessory warrant proceeding and granting the prayers of the defendant as contained in her amendment and further ordering that the Clerk of the Superior Court of Cobb County, in addition to the usual recording of the judgment, record it on the real estate indices of Cobb County in order to clear the defendant's title of the cloud created by the deeds in question. This judgment was entered on the 23rd day of January, 1968, at the January 1968 term of Cobb Superior Court. On March 22, 1968, at the March 1968 term of Cobb Superior Court, the plaintiff moved to set aside the judgment, contending in her motion, as subsequently amended, that there is no provision in law for bringing into issue title to real estate in a dispossessory warrant proceeding and that the judgment, insofar as it purported to cancel and set aside the deed to secure debt and the indebtedness purportedly secured thereby and to cancel the deed executed under power to Harry Gould, was void inasmuch as Harry Gould had never been served with process in the case or made a party to the case. The trial court granted that motion and set aside that portion of the judgment which canceled the indebtedness, the deed to secure debt and also the deed under power. His order further recited that "however, since it clearly appears from the record on file in this case that counsel for plaintiff requested in writing for the case to be placed on the January, 1968, trial calendar, he should not be allowed to complain that it was tried at that time. Thus, there remains, as originally entered, the judgment of this court in the above case dismissing the dispossessory warrant." The appeal is from that judgment. *Held:*

"In all actions to cancel deeds to land, the grantor and grantee therein are necessary parties. *Taylor v. Colley,* 138 Ga. 41 (74 SE 694); *Kehr v. Floyd & Co.,* 132 Ga. 626 (64 SE 673); *Brown v. Wilcox,* 147 Ga. 546 (94 SE 993); *Linder v. Ponder,* 209 Ga. 746 (75 SE2d 814)." *Rylee v. Abernathy,* 210 Ga. 673, 674 (82 SE2d 220); *Miron Motel, Inc. v. Smith,* 211 Ga. 864 (4) (89 SE2d 643). The deeds sought to be canceled by the judgment attacked by the motion in this case constituted

muniments of such title as Harry Gould may have to the property in question. However, Harry Gould was not made a party by the defendant, as she might have done under the provisions of *Code Ann.* § 81A-114, and under these circumstances the trial court did not err in rendering the judgment appealed from.

*Judgment affirmed. All the Justices concur.*

Argued June 11, 1968—Decided July 16, 1968.

*H. E. Williams,* for appellant.

*Siegel, Frankel & Weinstein, Lee M. Weinstein, Bennet Grude,* for appellee.