25392, 25393.  DRAKE et al. v. BARRS; and vice versa.

598

ARGUED SEPTEMBER 9, 1969—DECIDED SEPTEMBER 29, 1969.

*Odom & Dendy, Florence Hewlett Dendy,* for appellants.
*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton, J. P. Cheney,* for appellee.

FELTON, Justice. ■ Facts shown on motions for summary judgments.

(a) N. W. Drake, plaintiff's former husband, from whom she

was divorced on May 11, 1932, gave to the First National Bank of Millen a deed to secure debt on January 3, 1927, to secure a promissory note for $326.25 due October 1, 1927, conveying *tract one.*

(b) On September 4, 1929, N. W. Drake conveyed to petitioner, then his wife, tracts *one* (and two).

(c) On September 24, 1929, petitioner re-conveyed tracts *one* (and two) to N. W. Drake.

(d) On September 25, 1929, N. W. Drake deeded to petitioner by warranty deed tracts *one* (and two) in which deed N. W. Drake reserved a life estate.

(e) On June 28, 1949, N. W. Drake conveyed tract *one* to Mrs. Katherine Johnson Drake, reserving a life estate.

(f) On September 27, 1933, the First National Bank of Millen transferred its deed to secure debt to Mrs. Katherine Johnson Drake (second wife of N. W. Drake and one of the defendants).

(g) In October, 1943, N. W. Drake attempted to renew, or renewed, the note previously given to the First National Bank of Millen. A renewal note was given for the stated balance of $743.85, maturing October 1, 1950.

Cross appellee, Mrs. L. M. Barrs, contends that she owns the fee simple title to *tract one* because (1) she holds the oldest recorded deed to said tract and that Mrs. Katherine Johnson Drake's sale under the power of sale in the security deed transferred to her by the First National Bank of Millen is void because the debt secured was barred and not susceptible of renewal and because it was not foreclosed within twenty years or renewed under the statutes of Georgia, and (2) because the title acquired from the First National Bank of Millen merged into the title of Mrs. Katherine Johnson Drake and gave her a full fee simple title which nullified her right to sell under power the full fee simple title of N. W. Drake (which was subject to the Bank's deed because it was executed while he owned the fee simple title).

■ *Tract one.* There is no merit in the contentions that the obligation secured by the deed to secure debt given by N. W. Drake to the First National Bank of Millen and transferred

to Mrs. Katherine Johnson Drake could not be renewed and that the deed became inoperative after 20 years for failure to comply with the legislative Acts contained and cited in *Code Ann.* § 67-1308. As held in *Todd v. Morgan,* 215 Ga. 220 (109 SE2d 803) the Acts of 1941 and 1953 described in said Code Section are unconstitutional because they were retroactive and impaired the obligation of a contract since the security deed from N. W. Drake to the Millen Bank predated the said Acts. Under decisions cited in said case the powers granted in a security deed could be exercised so long as the debt secured remained unpaid, regardless of whether the evidence of the debt was barred by the statute of limitation. It follows that the sale under power by Mrs. Katherine Johnson Drake was properly exercised as against the attacks made against it. The debt remained unpaid, whether barred or not, and the exercise of the power without compliance with the said Acts was proper since the new provisions of said Acts were inapplicable as against the contention that the exercise of the power of sale was void because of the failure to follow said Acts which were themselves void as against the deed to secure debt which was executed before the passage of said Acts.

■ *Tract one.* The security title acquired by Mrs. Katherine Johnson Drake by the transfer to her of the bank's security deed did not merge with her title acquired by the deed from her husband subject to his life estate. The security deed from N. W. Drake to the bank conveyed N. W. Drake's whole and unqualified fee simple estate because it predated the other deeds which were subject to a life estate. The bank and its transferee had the right to sell the entire fee to collect the debt secured by the deed so long as the right to do so applied as of the date of the deed. Mr. Drake's retention of a life estate came subsequently. *Code* § 85-710 provides: "If two estates in the same property shall unite in the same person in his individual capacity, the lesser estate shall be merged in the greater." There was no merger under this Code section. Mr. Drake owned the life estate. Mrs. Katherine Johnson Drake owned only a security interest by reason of the transfer from the bank. Since the two interests in the land were not in the

same person, no merger resulted. There being no evidence of fraud, Mars Wampler showed paper title under his purchase at the sale under power by Mrs. Katherine Johnson Drake and the requisite possession under color of title for more than seven years and summary judgment should have been rendered in his favor as to tract one.

■ *Tract two.* As shown in division one, while N. W. Drake had title to the two tracts subject to the bank's security deed he reconveyed both tracts to Mrs. L. M. Barrs reserving to himself a life estate in the two tracts. On June 28, 1949, N. W. Drake purported to convey tract two to Mrs. Katherine Johnson Drake. Mrs. Katherine Johnson Drake now claims title to tract two on the ground that she has acquired a prescriptive title by adverse possession for more than seven years. This contention is without merit. The facts above show that Mrs. Barrs was remainderman under the deed from her husband which reserved a life estate in him. Mrs. Barrs became a vested remainderman upon the death of her husband, the life tenant, on October 9, 1965. The earliest time at which the seven-year period of adverse holding could begin was the date of the death of the life tenant, N. W. Drake. See *Code* § 85-407, catchword "Remaindermen." Since the evidence on her motion for a summary judgment did not show adverse possession against Mrs. Barrs for a period of seven years, her motion for a summary judgment should have been granted.

There was no appearance or contest by the third named defendant, Dixie Production Credit Association.

The court erred in overruling the motion for a summary judgment filed by the defendant Mars Wampler.

The court erred in overruling the cross appellee's (plaintiff's) motion for partial summary judgment on the question of her title to tract two.

*Judgments affirmed in part and reversed in part. All the Justices concur.*