**Wyman C. LOWE, Individually, Wyman C. Lowe, As Executor of the Will of Herbert Mell Lowe, Deceased, and Wyman C. Lowe, as Temporary Administrator of the Estate of Roy E. Lowe, Sr., Deceased, Plaintiffs,**

v.

**Mrs. Georgia Lula LOFTUS and Mrs. Gladys Tresher, Defendants.**

**Civ. A. No. 1545.**

United States District Court,
S. D. Georgia,
Augusta Division.

June 24, 1970.

Wyman C. Lowe, Atlanta, Ga., for plaintiffs.

## ORDER

LAWRENCE, Chief Judge.

In this diversity action the plaintiff alleges that the two defendants are respectively citizens of North Carolina and Florida and that "the real property to which the petition for partition relates is situated within the Southern District of Georgia." The suit is brought by Wyman C. Lowe in three capacities, individually, as Executor of the Will of his brother, Herbert Mell Lowe, and as Temporary Administrator of his deceased father, Roy E. Lowe, Sr. In addition to praying for equitable partition pursuant to Ga.Code § 85–1501 et seq. or, in the alternative, the impressment of a trust upon the land on behalf of the estate of Roy E. Lowe, Sr., plaintiff seeks declaratory relief, including the matter of whether the defendant, Mrs. Gladys Tresher, "ever owned any interest in the Lowe Homeplace." [1]

After the complaint was filed the plaintiff was served with notice that Billie B. Lowe, his brother, was applying for partition at law of the tract in the Superior Court of McDuffie County and

---

1. The property which is the subject of this litigation is a 78½ acre tract in McDuffie County. By virtue of deeds in 1921 and 1924 the 50 acre and 28½ acre tracts which constituted the "Lowe Homeplace" were conveyed by plaintiff's father to his wife and his then four children, namely, Mrs. Loftus, Wyman C. Lowe, Herbert Mell Lowe and Roy E. Lowe, Jr.

for appointment of commissioners to sell the land as provided by law. Wyman C. Lowe thereupon prayed in this Court for an injunction against any sale by commissioners appointed by the Superior Court. He alleged that the Lowe "Homeplace" possessed great sentimental value to him. No restraining order or rule to show cause was signed by this Court in connection with injunctive relief. As far as I can make out there have been no further developments in the proceeding in the McDuffie Superior Court.

The two defendants herein were duly served and failed to answer. Plaintiff gave testimony at the hearing on a default judgment and also filed an affidavit. It largely dealt with the reasons why the 7/30th undivided interest of his deceased brother, Herbert Mell Lowe, never vested in the latter's widow, Mrs. Gladys Tresher.[2] An eighteen-page supplemental affidavit was subsequently filed by plaintiff. The evidence reveals that Billie B. Lowe who is a resident of McDuffie County and a citizen of Georgia owns an undivided interest in the property, the extent of which seems to be in dispute. He was not made a party to the suit, obviously because it would have destroyed diversity of citizenship.

Plaintiff has presented a form of proposed judgment as respects the two defendants. He would have this Court order a partition in kind, dividing the "Homeplace" tract into two parts—a 11/15ths and a 4/15ths portion respectively. Apparently, the latter interest is that of Billie B. Lowe. It is conceded that the latter holds an undivided interest in the subject matter of this suit. By the terms of the judgment, plaintiff would be allowed thirty days in which to obtain a written agreement from Billie B. Lowe as to the boundaries of the said two parts and, in the absence of such an agreement, the Court would appoint partitioners for that purpose.

 Can a partion be ordered under the facts of this case? It is true that 28 U.S.C. § 1655 embraces equitable partitions and in such cases non-resident defendants may be made parties where they cannot be served within the jurisdiction. In my opinion, Billie B. Lowe is a necessary party to any relief in the way of partition. Hill v. McCandless, 198 Ga. 737, 32 S.E.2d 774; 68 C.J.S. Partition § 73, p. 105. "[A] necessary or indispensable party is one essential to give the court jurisdiction of the cause." Sowell v. Sowell, 212 Ga. 351, 92 S.E.2d 524. The decisions in this State construing Code § 37–1004 use the two terms interchangeably. See Henton v. Gould, 224 Ga. 512, 162 S.E.2d 722; Shepherd v. Frasier, 223 Ga. 874, 159 S.E.2d 58; Assurance Company of America v. Southeastern Brick Company, Inc., 222 Ga. 638, 151 S.E.2d 708; Wingo v. Manufacturers' National Bank of Newnan, 219 Ga. 302, 133 S.E.2d 15; Oliver v. Oliver, 216 Ga. 757, 119 S.E.2d 348; Pope v. United States Fidelity & Guaranty Co., 193 Ga. 769, 20 S.E.2d 13. I do not see where the recent Georgia Rules of Civil Procedure change things. Ga.Code § 81A–119(a) (b).

Rule 19, F.R.Civ.P., clearly indicates that Billie B. Lowe is an indispensable party.[3] What plaintiff is attempting to do is to make him a party in everything but name. The Superior Court of McDuffie County is the only court having jurisdiction of a partition of the tract in question. This is equally applicable to plaintiff's prayer for impressment of a trust on the property on behalf of the Estate of Roy E. Lowe, Sr. Relief in those respects cannot be granted here.

2. Wyman C. Lowe states that Mrs. Loftus, his sister, has offered to sell him her undivided interest. No relief is sought as to this defendant other than as the partitioning of the property would affect her rights.

3. Professor Charles Allen Wright says in his Law of Federal Courts, 2nd ed., p.

296: "The label 'indispensable' is used if the connection is so close that the action should be dismissed unless the party is joined. The label 'necessary' is used if the party is one who ought to be joined if this is possible. The label 'proper' is used if the party is one who can be joined or not at plaintiff's option."

Treating plaintiff's action as one to remove a cloud on title, this Court has power to pass upon the matters raised in connection with the undivided interest therein of the defendant, Gladys Tresher. As stated, she has not answered or appeared and a default judgment is in order. The Court is asked to decree in the proposed default judgment that since the death of her former husband, Herbert Mell Lowe, she has never owned or held title to any interest in the 78½ acre tract known as the "Lowe Homeplace" and that title to all his undivided interest therein is now vested in Wyman C. Lowe as Executor of the Will of the said deceased.

■ I will briefly examine the grounds on which it is contended that Mrs. Tresher, the widow of Herbert Lowe, has and had no undivided 7⁄30th interest, prefacing it by the statement that the mere fact that defendant is in default in respect to the relief claimed *does not divest her of her interest in the property, if there was one.*

■ Herbert Mell Lowe's will contained no devise, general or special, of his interest in the "Homeplace." The Estate has been kept open for many years. Title has remained in the Executor for purposes of administration. It is alleged that the undivided interest is the *only remaining asset* of such Estate. Mrs. Tresher is charged with having retained for her own use part of the proceeds of an insurance policy of which Herbert Lowe's Estate was the beneficiary.[4] It is further alleged that the expenses of his last illness far exceeded the value of the 7⁄30th interest in question and were advanced by his father. It is claimed that the debt is not barred by the statute of limitations because of certain new promises to pay such debt made by Wyman C. Lowe as Executor of the Estate of Roy E. Lowe.[5]

Because Mrs. Tresher owes money to the Estate of Herbert Lowe or because such Estate owes money to the Estate of Roy E. Lowe, Sr. does not deprive her of her inherited interest in the Lowe "Homeplace." To rule otherwise would only place a greater cloud over the title than any now claimed to exist. I doubt whether any experienced real estate lawyer would approve a title created under a judgment based on a default and under the facts I have recited. This holding is without prejudice to a proceeding in a proper case and in a proper court involving accounting and sale of Mrs. Tresher's 7⁄30th undivided interest in payment of any debt due by her to her husband's Estate. Likewise, if it is an asset of his Estate, it would be subject to sale to satisfy any indebtedness for medical expenses growing out of Herbert Lowe's last illness and which is due by it to the Executor of the Will of Roy E. Lowe, Sr. This Court is not the proper forum for the adjudication of such matters and such issues and declines the invitation to determine them.

Plaintiff seeks other relief, including the matter of the title to a 1⁄30th interest in the property acquired by five of the six heirs at law of Roy E. Lowe, Jr. upon his death in 1929 (namely, Mr. and Mr. Roy E. Lowe, Sr., Herbert Mell Lowe, Georgia Lula Lowe [Loftus] and Wyman C. Lowe) and whether the Estate of Roy E. Lowe, Jr. is still subject to administration of his estate and whether a "no administration necessary" order by the Court of Ordinary is proper under the Act of 1958. I do not pass upon that issue nor the question of quantum of interest of the owners.

"It has long been the rule that once a court, state or federal, has assumed jurisdiction of an *in rem* or *quasi in rem* proceeding, then that court may exercise its jurisdiction to the exclusion of any other court and the res in question is

---

4. It is claimed that she unlawfully retained $680.00.

5. No money judgment is sought against Mrs. Tresher nor would it be jurisdictionally permissible to do so in this action.

withdrawn from the jurisdiction of any other court." See Smith et al. v. Humble Oil and Refinery Company, Inc., Fifth Circuit Court of Appeals, 1970, 425 F.2d 1287. The present action was filed prior to the commencement of the partition proceeding in the Superior Court of Mc-Duffie County. This Court, however, has no jurisdiction over the partition feature or power to grant relief as to other phases of the case. All of the relief sought can be obtained in an equitable proceeding for partition, accounting and declaratory judgment in the State Court with *all* parties before the court. That is where this litigation belongs and where the matters at issue can be decided.

Plaintiff's proposed judgment will not be entered. The complaint is dismissed for want of jurisdiction of this Court to grant any of the relief sought even though the two defendants are in default.