25926, 25927. SMITH v. MERCHANTS & FARMERS BANK OF MILLEDGEVILLE; and vice versa.

ARGUED JULY 14, 1970—DECIDED SEPTEMBER 10, 1970—
REHEARING DENIED SEPTEMBER 24, 1970.

716

*Gardner & Peugh, James E. Peugh, Milton F. Gardner,* for appellant.

*Robert H. Herndon, U. Erwin Sibley,* for appellee.

NICHOLS, Justice. ■ The trial court relying upon the decisions in *Todd v. Morgan,* 215 Ga. 220 (109 SE2d 803), *Hames v. Hames,* 220 Ga. 595 (140 SE2d 844), and *Drake v. Barrs,* 225 Ga. 597 (170 SE2d 684), held the Act of 1941 (Ga. L. 1941, p. 487) unconstitutional. Each of those cases dealt with a security deed executed prior to the enactment of the 1941 Act, and each case held that as applied to a security deed executed prior to the effective date of such Act the Act was unconstitutional, but none of such cases held that the Act was unconstitutional as to a security deed executed after the effective date of such Act.

While an unconstitutional Act confers no authority upon anyone, and affords no protection to anyone, and it is really a misnomer to call such an Act of the General Assembly a law (*Milam v. Adams,* 216 Ga. 440, 444 (117 SE2d 343)), yet it is also "well settled that by numerous decisions of this court that where a part of an Act is valid and a part unconstitutional, the valid part will be upheld 'when it is reasonably certain that to do so will correspond with the main purpose which the legislature sought to accomplish by its enactment, if, after the objectionable part is stricken, enough remains to accomplish that purpose.'" *Grimes v. Lindsey,* 219 Ga. 779 (2) (135 SE2d 860), and citations.

The Act of 1941, supra, as applied to deeds to secure debt executed after the effective date of such Act does not offend the constitutional provisions prohibiting retrospective legislation. Accordingly, the judgment of the trial court declaring such Act unconstitutional and striking allegations with reference to such Act must be reversed.

■ The enumerations of error relied upon in the cross appeal complain of the refusal of the trial court to sustain three additional attacks upon the constitutionality of the 1941 Act, supra.

(a) It is contended that the Act is unconstitutional because the caption makes no reference to the duty of the clerk of the superior court to record deeds to secure debt while the body

of the Act makes such provision and sets fees for such services. As was held in *Williamson v. Housing Authority of Augusta*, 186 Ga. 673, 679 (199 SE 43), (dissents on other grounds): "The title of an act need only indicate the general object and subject matter to be dealt with. It is not required that the title contain a synopsis of the law. *Wright v. Fulton County*, 169 Ga. 354 (2a) (150 SE 262) and cit. In *Cady v. Jardine*, 185 Ga. 9 (193 SE 869) it was said: 'It was never intended that the substance of the entire act should be set forth in the caption. It was not contemplated that every detail stated in the body should be mentioned in the caption. If what follows after the enacting clause is definitely related to what is expressed in the title, has a natural connection, and relates to the main object of legislation, and is not in conflict therewith, there is no infringement of the constitutional inhibition.' Then after quoting the title, or a portion of it, the court said: 'Any provision in the body which is germane to this general purpose as embraced in the title would not be violative of the constitutional provision.' " The title of the Act of 1941, supra, reads as follows: "An Act to limit the effect of and time for enforcing conveyances of real property to secure debt by providing for a reversion of title, when title shall revert, when powers of sale shall be exercised, and when suits to recover the property under such conveyances shall be brought, to provide the effective date hereof; and for other purposes." This language is sufficiently broad to include the language complained of by the cross appellant.

(b) Complaint is made that the trial court erred in overruling the constitutional attack that the Act requires a different computation with reference to recorded and unrecorded conveyances and thus provisions of the Constitution prohibiting legislation impairing the obligations of a contract. Art. I, Sec. III, Par. II (*Code Ann.* § 2-302). Such provisions relate, as to contracts executed after the effective date of such Act, solely to remedy and do not impair the obligations of contracts. See *Todd v. Morgan*, 215 Ga. 220, supra.

(c) The sole remaining constitutional attack presented by the cross appeal relates to the 1941 Act, supra, as amended by

Ga. L. 1953, Nov. Sess., p. 313. The trial court overruled such attack after previously expressly ruling that the 1953 Act was in no way applicable to the present litigation.

"Constitutional questions will not be ruled upon unless their determination is essential to protect some right of the complaining party. *Armstrong v. Jones,* 34 Ga. 309 (3); *McGill v. Osborne,* 131 Ga. 541 (2) (62 SE 811); *Sumter County v. Allen,* 193 Ga. 171, 173 (17 SE2d 567); *Harper v. Davis,* 197 Ga. 762, 765 (30 SE2d 481)." *State Hwy. Dept. v. Noble,* 220 Ga. 410, 414 (139 SE2d 318). In view of the prior ruling of the trial court unappealed from removing any consideration of the 1953 Act from this present action the overruling of the remaining constitutional attacks shows no ground for reversal.

■ The sole remaining question to be decided is whether the trial court erred in overruling the defendant's motion to dismiss the cause for failure of the plaintiff to state a claim.

In support of this contention the contention is made that the plaintiff failed to name a necessary party. Prior to the enactment of the Civil Practice Act (Ga. L. 1966, p. 609; *Code Ann. Title* 81A) the failure of the plaintiff to name the grantor or grantee in the deed sought to be canceled would have required the dismissal of the action. See *Henton v. Gould,* 224 Ga. 512 (162 SE2d 722); *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524); *Myers v. Morris,* 225 Ga. 285 (168 SE2d 152).

Under the provisions of § 12 of the Civil Practice Act (*Code Ann.* § 81A-112) failure to join an indispensable party is a defense which may be raised by motion. Likewise, under § 21 of the Civil Practice Act (*Code Ann.* § 81A-121), where there has been a nonjoinder of a necessary party such party may be added on motion of any party or by the court on its own intiative. Such language does not mean, however, that the trial court must order the making of a new party in all cases where an indispensable party is not named by a plaintiff. Where the question of an indispensable party is expressly passed upon by the trial court it will be held that the plaintiff had such notice as would have afforded him an opportunity to seek the addition of such party (compare *Emhart Corp. v. McLarty,* 226 Ga. 621), but where neither the motion to dismiss nor the judgment of the trial

court discloses any intent to raise or pass upon such question it will be deemed for the purpose of review, of a judgment overruling a motion to dismiss for failure to state a claim, as an amendable defect, and the petition otherwise was not subject to being dismissed for failure to state a claim.

*Judgment reversed on main appeal; affirmed on cross appeal. All the Justices concur.*