26997.  KING v. KING et al.

SUBMITTED FEBRUARY 14, 1972—DECIDED MARCH 9, 1972—
REHEARING DENIED MARCH 23, 1972.

*Ben B. Ross,* for appellant.

*Lawson E. Thompson,* for appellees.

ALMAND, Chief Justice. Gary D. and Kelvin F. King, minors, through their next friend brought a complaint against Florine King in which it was alleged that on September 27, 1968, one Floyd King conveyed to Florine King, as trustee for the plaintiffs, a described tract of land. Under this trust deed it was the duty of the trustee to manage the property for the use and benefit of the plaintiffs. One of the allegations of the complaint was that the trustee had moved her residence to another state.

One of the prayers of the complaint was that the defendant be removed as trustee.

When the case came on for a trial before the court and a jury and it appeared without dispute that the defendant trustee had moved her residence to another state, the court, on motion, directed a verdict in favor of the plaintiffs. On this verdict the court entered its judgment removing the defendant as trustee.

The defendant's motion for a new trial being overruled, notice of appeal was filed.

■ Error is enumerated on the court's overruling the motion of the defendant to dismiss the complaint, in that Floyd King, Jr., the grantor of the trust deed was not made a party to the proceeding.

In *Smith v. Merchants & Farmers Bank,* 226 Ga. 715 (3)

(177 SE2d 249), this court, in applying Sections 12 and 21 of the 1966 Civil Practice Act (*Code Ann.* §§ 81A-112, 81A-121) as to the failure to join an essential party said: "Where the question of an indispensable party is expressly passed upon by the trial court it will be held that the plaintiff had the necessary opportunity to seek the addition of such party, but in the absence of any disclosure by the record of an intent to raise or pass upon such question in the trial court, such defect will be deemed an amendable defect."

No motion was made to make Floyd King, Jr., a party. It was not error to overrule the motion to dismiss.

■ *Code Ann.* § 108-315, as amended by Ga. L. 1959, p. 324; 1964, p. 270, provides that where the sole trustee of any trust estate has removed beyond the jurisdiction of the courts of Georgia, the superior court shall have full power and authority, upon the petition of two or more of the parties interested in such trust, to appoint a new trustee or trustees.

It appearing without dispute that the trustee had moved her residence to the State of New York, the court did not err in directing a verdict removing her as trustee and entering its judgment on the verdict.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

GUNTER, Justice, dissenting. The trial court directed a verdict against the appellant, a trustee for minor children in a deed conveying realty, who was the defendant in the court below.

The trial court directed a verdict on the sole ground that the trustee had moved her residence from Georgia to the State of New York, the evidence showing at the time of the trial that she was a nonresident of Georgia.

*Code Ann.* § 108-315, as amended by Ga. L. 1959, p. 324, 1964, p. 270, provides that where the sole trustee of any trust estate has "removed beyond the jurisdiction of the courts of the state," the superior court shall have full power and authority, upon petition of two or more of the parties

interested in such trust, to appoint a new trustee or trustees.

The trial court committed error in holding that the trustee in this case has "removed beyond the jurisdiction of the courts of Georgia." Georgia Laws 1953, pp. 178, 179, as amended, provides that a foreign trustee as to lands in this state is subject to the jurisdiction of the Georgia courts. *Code Ann. Ch.* 108-7. Also, Ga. L. 1966, p. 343, as amended (*Code Ann.* § 24-113.1) provides that a court of this state may exercise personal juisdiction over any nonresident who "owns, uses or possesses any real property situated within this state."

It is therefore clear that a trustee who resides in the State of New York, the subject matter of the trust being real estate located in Georgia, cannot be removed as trustee solely on the basis of nonresidence. I would reverse the judgment.

I respectfully dissent.