46059. MUNFORD v. MACLELLAN et al.
(373 SE2d 368)

Hunt, Justice.

The main question presented by this appeal is whether a nonresident of Georgia may serve as trustee of a trust created in and to be administered in this state and where the trust property is located in this state. This particular trust was established for the benefit of the minor child of Anne Maclellan Munford and Dillard Munford, Jr. Aubrey Munford, guardian of the child, appeals from the grant of partial summary judgment in favor of the trustees, Kathrina Maclellan (the

mother of Anne Maclellan Munford) and Trust Company Bank.

Anne Munford died in 1978. Under the terms of her will, a trust was established for the exclusive benefit of her only child. Her husband, Dillard Munford, Jr., and her mother, Kitty Maclellan, were named as trustees. Dillard Munford, Jr. died in 1987. His will named his sister, Aubrey Munford, guardian of the child. Ms. Munford thereafter brought this action to remove Ms. Maclellan as trustee and, the following day, purported to appoint herself as successor trustee to take her brother's place. Thereafter, Kitty Maclellan attempted to appoint the bank as an additional trustee.

1. Ms. Munford challenges the trial court's rejection of her argument that Ms. Maclellan, a nonresident of Georgia, is ineligible from serving as a trustee of the trust, the entire corpus of which is located in Georgia. OCGA § 53-13-8, relied on by Ms. Munford, provides in pertinent part:

> When the sole or surviving trustee of any trust has died, removed beyond the jurisdiction of the courts of this state, resigns, or otherwise becomes disqualified, the superior courts of the several counties shall have full power and authority, in a summary manner, upon the petition of two or more of the parties interested in the trust or upon the petition of the sole party at interest and on such notice as the court shall direct, to appoint a new trustee or trustees in the place of the deceased, nonresident, resigned, or disqualified trustee or trustees.

Contrary to Ms. Munford's argument, this section does not bar Ms. Maclellan from serving as the trustee. "[This section] applies where a trustee has died or removed beyond the jurisdiction of this State. The trustee is in life, and resided in Tennessee when made a trustee. So this section does not apply." *Caldwell v. Hill*, 179 Ga. 417, 426 (2) (176 SE 381) (1934). (Compare *King v. King*, 228 Ga. 818, 819 (2) (188 SE2d 502) (1972) where the trustee, following her appointment, moved from Georgia to New York.)[1]

---

[1] We note that under common law, it is not necessary that a trustee be a resident of the jurisdiction in which the trust is created and that the Restatement of the Law 2d, Trusts, § 94, specifically provides: "A natural person who does not reside in the State in which a trust is created and is to be administered and in which the trust property is situated can be a trustee." See also Comment to Restatement of the Law 2d, Trusts, § 94.

The status of a trustee, nonresident at the time of appointment, is distinguishable from that of a trustee who is a resident at the time of appointment but who subsequently moves out of state. The fact that a trustee is close at hand may be a factor in naming a resident as trustee. Thus, the trustee's later removal from the state may be sufficient reason for disqualification. On the other hand, residency is not a consideration if one names as trustee a person who is a nonresident at the time of appointment.

We find no authority for disqualifying Ms. Maclellan from serving as the trustee merely because she is a nonresident.[2] The legislative protections for beneficiaries cited by the dissent severely limiting nonresident fiduciaries apply to executors and administrators of estates. There is good reason to distinguish the functions of executors and administrators from those of trustees. The duties of the former can be characterized as "closing-out" an estate, assuring the distribution of assets, etc., in an expeditious fashion. The duties of a trustee, however, may be, and often are, long-lasting. In many cases, a trustee is named because he has a personal concern for the beneficiary and a motivation to diligently carry out the management of a trust over the time required. In many cases, a nonresident is the only individual with such an interest and motivation. In general, a testator will name as trustee an individual or institution he desires to so serve, and in whom he has confidence, regardless of the residency of that individual or institution. The legislature has not restricted a trustee's ability to make that choice in the instance of a nonresident, and we find no compelling reason to do so.

2. We find no merit to Ms. Munford's contentions that the trial court abused its discretion by appointing a guardian ad litem for the child in this litigation, OCGA § 29-4-7, or by vacating the default by the bank. OCGA § 9-11-55 (b).

*Judgment affirmed. All the Justices concur, except Weltner, J., who dissents.*

WELTNER, Justice, dissenting.

I respectfully dissent to Division 1 of the majority opinion because I believe that the statutory scheme requiring the accountability of fiduciaries prohibits or severely restricts the appointment as trustee of persons who are not immediately and directly subject to the judicial processes of this state.

1. I agree with the majority in several aspects, as follows:

(a) that OCGA § 53-13-8 is not applicable to this case, as it works the disqualification of a trustee who has "removed beyond the jurisdiction of the courts of this state. . .," removal being, of course, a matter distinct from the initial appointment of a non-resident as trustee;

(b) that *Caldwell v. Hill*, 179 Ga. 417, 426 (2) (176 SE 381) (1934), does not resolve the issue in this case, as it holds only that the above code section was inapplicable to the appointment of a non-resi-

---

[2] Indeed, some state statutes prohibiting nonresidents from serving as trustees have been ruled unconstitutional under the privileges and immunities clause. See generally Bogert, The Law of Trusts and Trustees, 2nd ed. revised (1977), § 132, p. 422, n.5; Scott, The Law of Trusts, 3rd ed. (1967), § 559, p. 3794.

dent trustee; and

(c) that the common law did not prohibit the appointment of non-resident trustees, and the Restatement of the Law would authorize it. (Opinion, n. 1, p. 680.)

2. But we do not deal here with a common law situation. The General Assembly, over many years, has created protection for beneficiaries that prohibit or severely limit non-resident fiduciaries. Examples are:

(a) A non-resident may not be appointed executor or co-executor[1] without posting a bond in double the amount of the estate, with the added requirement that the sureties on the bond be residents of Georgia. OCGA § 53-6-22 (a).

(b) A non-resident appointed as executor may not qualify, even though relieved by the will of posting bond, without the express approval of the probate judge, and "within his discretion." OCGA § 53-6-22 (b).

(c) A non-resident may not be appointed administrator[2] unless such person has "equal or greater interest than resident heirs, or of sole interest of any estate. . ." and unless the non-resident shall post a bond (with sureties who are residents of Georgia) in double the amount of the estate. OCGA § 53-6-23.

(d) A trustee who has "removed beyond the jurisdiction of the courts of this state" is disqualified. OCGA § 53-13-8.

3. A theme of great importance — immediate accountability of fiduciaries — underlies each of these statutory restraints. Consider:

(a) Fiduciaries of trusts or estates created in Georgia and supervised by the courts of Georgia state must be fully amenable to the judicial processes and criminal sanctions of Georgia.

(b) Beneficiaries of trusts and estates in Georgia must be able to enforce their rights through the courts of Georgia.

(c) Courts of Georgia that appoint (or approve the appointment of) fiduciaries of estates in Georgia must be empowered to enforce their orders through the judicial and executive powers of the State of Georgia.

4. In the light of this recurring statutory theme of accountability, we should not sanction the appointment of a trustee who is beyond

---

[1] The majority aptly notes the distinction between appointing a trustee known to the settlor to be a non-resident, and the removal of a resident trustee beyond the jurisdiction of the Georgia courts. (Opinion, n. 1, p. 680.) But note that the *same* knowledge exists on the part of the testator naming a non-resident *executor* — which may only be accomplished within these statutory constraints.

[2] Again, the heirs may agree upon and *request* the appointment of a non-resident administrator, knowing their choice to be a non-resident. Yet the law will not permit it, except in these narrow circumstances.

the reach of the courts of Georgia.[3] The results of such a sanction would include:

(a) consigning the rights of beneficiaries to the courts of other states, whose laws and practices may be foreign to our own;

(b) requiring beneficiaries of Georgia estates to invoke the powers of at least *two* court systems — that of Georgia and of the domicile of the foreign trustee — with the possibility of removal, on grounds of diversity of citizenship, to the federal system; and

(c) according to foreign trustees the right to select a forum other than the courts of Georgia.

5. We have here the opportunity to strengthen the protection that the law casts about beneficiaries. That is consistent with centuries of legal history, commencing with the earliest chancellors, who "became keeper of the king's conscience . . . . the general guardian of all infants . . . and [had] the general superintendence of all charitable uses in the kingdom." 3 W. Blackstone, Commentaries, \*47-8 (Jones, ed. 1915). We have, also, the authority to do so.[4]

There are compelling reasons to eliminate the manifold perils of non-resident trustees. For the contrary proposition, I know of *no* good reason.

DECIDED NOVEMBER 10, 1988.

*Moreton Rolleston, Jr.,* for appellant.
*Rogers & Hardin, C. B. Rogers, Louis Levenson, Mark A. Thompson,* for appellees.

---

[3] I do not struggle here with whether or not a non-resident trustee might be subject to *in personam* jurisdiction under the Georgia Long Arm Statute, OCGA § 9-10-91 et seq. At the very least, that is yet another barrier to be overcome in enforcing the rights of beneficiaries. Further, if it is possible to ground jurisdiction upon a *situs* of property in Georgia, that ground easily may be eliminated by transfer of realty and removal of the *res*.

[4] It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes "in pari materia," are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto. It is simply the duty of this court in interpreting the statutes now under consideration to look diligently for the intention of the legislature, keeping in view at all times the old law, the evil, and the remedy. [OCGA § 1-3-1 (a)].

*Ryan v. Commissioners of Chatham County,* 203 Ga. 730, 731-2 (48 SE2d 86) (1948).