S00A0388. ROWLAND v. CLARKE COUNTY SCHOOL DISTRICT
et al.
(532 SE2d 91)

SEARS, Justice.

The appellant, Jack Rowland, as executor of his mother's estate, appeals from the trial court's grant of summary judgment to appellee Clarke County School District on Jack's claim for the return of a painting that Jack alleged first had been loaned to the school district

---

by his mother before her death, and then had been loaned anew by him as executor after her death. After careful consideration, we conclude that the trial court properly ruled that Jack's cause of action was barred by the four-year statute of limitation for the return of personal property.[1] Accordingly, we affirm the trial court's grant of summary judgment to the school district.

Jack's mother, Mary Lamb Rowland, died on December 23, 1968. Before her death, she loaned her painting, "The Cotton Pickers," by Lamar Dodd, to the school district. Jack Rowland and his brother and father were qualified as co-executors of Ms. Rowland's estate on December 27, 1968. Jack is the sole surviving executor. At the time of his mother's death, Jack was aware that his mother had lent the painting to the school district. After Ms. Rowland's death, the school district continued to have possession and control of the painting. In July 1998, Jack learned in a local paper that the school district was asserting ownership of the painting. Jack responded by demanding on two separate occasions in 1998 that the school district return the painting. When the school district refused, Jack filed a complaint in October 1998 seeking the return of the painting. The complaint alleged that Ms. Rowland had loaned the painting to the school district before her death, that the estate had demanded the return of the painting in 1998, and that the school district had wrongfully refused to return it.

The school district filed a motion to dismiss, which the trial court subsequently converted into a motion for summary judgment. The school district contended that Jack's action was barred by the statute of limitation, in that OCGA § 9-3-32 provides that actions for the recovery of personal property must be filed within four years after the cause of action accrues. In this regard, the school district contended that the cause of action for the return of the painting based upon Ms. Rowland's loan accrued upon the appointment of a representative for Ms. Rowland's estate. Since those representatives did not seek the return of the painting within four years of December 1968, the school district contended that the action was barred.

Jack responded to the school district's motion by submitting an affidavit in which he stated that he and the co-executors of his mother's estate "continued" the loan of the painting to the school district after Ms. Rowland's death. Jack also contended that his cause of action seeking the return of the painting was based upon this "continued" loan, and that his cause of action based upon the "continued loan" did not accrue until 1998 when the school district asserted own-

---

[1] See OCGA § 9-3-32 (providing that actions for the return of personal property must be brought within four years after the cause of action accrues).

ership of the painting.

After Jack's response, the school district reiterated its right to summary judgment, contending that Jack and the co-executors did not have the authority to make a "continued" loan of the painting either under Ms. Rowland's will or under any statutory authority. The trial court granted summary judgment to the school district on May 10, 1999. The trial court ruled that the executors of Ms. Rowland's estate did not have the power to make a loan of the painting either under the will or under Georgia law. The court thus concluded that the statute of limitation on a claim for the return of the painting began to run when the executors were appointed, and that Jack was time-barred from seeking recovery of the painting.

1. The loan from Ms. Rowland to the school district was for an indefinite time, and under Georgia law, the death of a lender terminates all such loans.[2] For this reason, the loan of the painting by Ms. Rowland to the school district terminated at Ms. Rowland's death, and Ms. Rowland's estate was entitled to the return of the painting.[3] Thus, a cause of action for the return of the painting based upon Ms. Rowland's loan accrued at her death, but was tolled until a representative was appointed for her estate.[4] Because OCGA § 9-3-32 provides that actions for the recovery of personal property must be filed within four years after the cause of action accrues, a claim by Ms. Rowland's estate for the return of the painting based upon the loan by Ms. Rowland had to be filed within four years of December 27, 1968, the date executors were appointed for the estate. Because Ms. Rowland's executors did not file a claim for the return of the painting within four years of that date, a claim for the return of the painting based upon the loan by Ms. Rowland is barred by the statute of limitation.

2. Jack Rowland, however, contends that the cause of action is based not upon the loan by Ms. Rowland, but upon a "new"[5] loan that he made to the school district after his mother's death. As for this "new" loan, we conclude that the trial court correctly ruled that Jack did not have the authority to make a new indefinite loan of the painting.

In this regard, Jack's authority to make a loan of the painting could have arisen under Ms. Rowland's will or by law. We have examined Ms. Rowland's will, and conclude it does not grant her

---

[2] OCGA § 44-12-120.

[3] See *Cutcliffe v. Chesnut*, 126 Ga. App. 378, 382-383 (190 SE2d 800) (1972).

[4] OCGA § 9-3-92 (statute of limitation for an estate is tolled during the time between the testatrix's death and the time a representative is appointed for the estate).

[5] In this regard, Jack no longer contends, as he did before the trial court, that he "continued" the loan to the school district. Instead, he concedes that the loan made by his mother terminated at her death and could not be continued.

executors the authority to make a gratuitous, indefinite loan of the estate's property. Jack contends, however, that the power to sell estate property that is granted to executors by statute[6] permitted him to make an indefinite loan of property. We disagree.

Although executors do have the authority to sell estate property under certain circumstances,[7] the Code sections clearly contemplate that the executor will sell the property in a manner "deemed most advantageous to the estate."[8] Moreover, we have held that an executor is " 'invested with a solemn trust to manage the estate under his control to the best advantage of those interested in it,' "[9] and that when exercising a power of sale, an executor has a duty " 'to do everything in his power to make it bring as large a price as possible.' "[10] Similarly, even though an executor has the authority to extend credit when selling estate property,[11] that does not diminish the executor's duty to bring as large a price as possible for the property. Finally, we have also held that an executor has a duty to assure the distribution of assets in an expeditious fashion.[12] Because an executor has a duty to seek the best consideration for the estate in dealing with estate property, and because he has a duty to assure the distribution of estate assets in an expeditious fashion, we conclude that we cannot construe an executor's power to sell estate property to include the power to make an indefinite, gratuitous loan of property.

For these reasons, we conclude that the trial court properly ruled that Jack did not have the authority as executor to make a new loan of the painting after his mother's death. Accordingly, the trial court did not err in ruling that the statute of limitation on a claim for the return of the painting began to run from the date that Jack was appointed executor of his mother's estate, and that, because Jack did not bring his cause of action within four years of that date, the action is barred by the statute of limitation.[13]

---

[6] See pre-1998 Probate Code, OCGA § 53-8-20 to § 53-8-51. The parties agree that the pre-1998 Probate Code provisions regarding the powers of an executor to sell or convey property apply to this case. Accordingly, all cites in this opinion are to the pre-1998 Code.

[7] OCGA § 53-8-20 to § 53-8-51.

[8] OCGA § 53-8-20.

[9] *Ringer v. Lockhart*, 240 Ga. 82, 85 (239 SE2d 349) (1977).

[10] Id.

[11] OCGA § 53-8-47.

[12] See *Munford v. Maclellan*, 258 Ga. 679, 681 (373 SE2d 368) (1988).

[13] OCGA § 9-3-32. Because of the foregoing holding, we need not reach the issue whether Jack in fact made a new loan of the painting after his mother's death. Jack appears to contend that a new loan was created simply by the fact that he never sought the return of the painting from the school district after his mother's death. In this regard, Jack appears to contend that his failure to seek the return of the painting amounted to permission for the school district to retain the painting and that a new loan agreement thus arose. We note that the record does not demonstrate that there was any communication between the parties after Ms. Rowland's death.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 12, 2000.

*Scott, Quarterman & Wells, Howard T. Scott, Brenda Jo Renick,* for appellant.
*McLeod, Benton, Begnaud & Marshall, Malcolm C. McArthur, William C. Berryman, Jr.,* for appellees.