A89A1086. McCALL v. METROPOLITAN ATLANTA RAPID
TRANSIT AUTHORITY.
(384 SE2d 215)

SOGNIER, Judge.

Rae McCall brought suit against Metropolitan Atlanta Rapid Transit Authority (MARTA) seeking damages for injuries she incurred when she fell at a MARTA station. The jury awarded her $5,500. McCall's motion for judgment notwithstanding the verdict for damages or in the alternative a new trial was denied by the trial court and she appeals.

1. Appellant contends in two related enumerations that the trial court erred by admitting the personal notes of Dr. Knoxice Hunter, a psychologist called as a witness by appellant, because the witness did not use the notes to refresh her recollection during direct examination and the admission of the notes was highly prejudicial and inflamed the jury. The transcript reveals that at trial appellant's objection to the introduction of these notes was based on the psychologist-patient privilege, not on the grounds raised on appeal. " 'Grounds which may be considered on appeal are limited to those which were urged before the trial court.' [Cit.]" *Long v. Marion*, 182 Ga. App. 361, 362-363 (1) (355 SE2d 711) (1987). The transcript further reflects that when the notes were proffered into evidence, appellant's counsel specifically stated he had "[n]o objection" to the admission thereof. Accordingly, we find no merit in appellant's enumerations.

2. Appellant contends the trial court erred by denying her motion for a new trial because the jury verdict was clearly against the weight of the evidence, which appellant asserts indicates uncontrovertedly that she suffered damages far in excess of the $5,500 awarded. However, as appellee points out, there was testimony that appellant was in an automobile accident subsequent to her fall, and there was some

evidence from which the jury could have found that the damages she sustained were not exclusively the result of her fall. Thus, we cannot say that the verdict was so inadequate as to require a new trial. See *Palmer v. Farmer*, 184 Ga. App. 753, 754 (2) (362 SE2d 453) (1987). "In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence. [Cit.]" *Pembrook Mgmt. v. Cossaboon*, 157 Ga. App. 675, 676 (1) (278 SE2d 100) (1981). We find no error in the trial court's denial of appellant's motion.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 23, 1989.

*Albert A. Mitchell & Associates, Albert A. Mitchell, Janise L. Miller,* for appellant.

*Gorby, Reeves, Moraitakis & Whiteman, Eve A. Appelbaum,* for appellee.