## A91A2088. BLAXTON et al. v. CLEMENS.
### (415 SE2d 304)

POPE, Judge.

This action arises out of the sale of a house. Plaintiff/appellee James A. Clemens sold the house to defendants/appellants the Blaxtons. At closing, the Blaxtons gave Clemens a promissory note for $4,000 for a portion of the purchase price. When the Blaxtons defaulted on the note, Clemens brought an action to collect the amount due. The Blaxtons counterclaimed for damages, alleging Clemens had fraudulently concealed certain latent and patent defects from them at the time of the sale. The trial court granted a directed verdict in favor of Clemens on the note and the jury returned a verdict in favor of Clemens on the counterclaim. The Blaxtons appeal.

1. The counterclaim alleged several specific defects in the house which were allegedly known to Clemens but concealed at the time of sale. Neither the counterclaim nor the pre-trial order made any allegation, however, of any defect in the construction of the fireplace. Nevertheless, testimony was presented without objection at several points during the trial concerning such alleged defect. In fact, on cross-examination the attorney for Clemens elicited several statements from more than one witness about the claim that the fireplace was defectively constructed. Finally, however, when the Blaxtons' attorney questioned a contractor who had made several repairs to the house concerning his observations and opinions about the fireplace, Clemens' attorney objected on the ground that the allegedly defective fireplace was not properly an issue in the case.

After a bench conference, the trial judge instructed the jury that the fireplace was not an issue in the case. He went on to state: "[I]n Georgia we have the law of caveat emptor, which means that the purchaser has the duty to inspect the house to discover whatever defects are observable. And then, of course, there's the law of fraudulent concealment and I'll explain all that to you, and fraudulent inducement, which may enter into this case. But that is the reason why the . . . [Blaxtons] could not recover for any defect in the fireplace." The Blaxtons first argue the trial court erred in instructing the jury on the doctrine of caveat emptor because it was an incomplete statement of the law and constituted an improper comment on the evidence. The Blaxtons are correct in arguing that their allegations of fraudulent concealment, if believed by the jury, establish an exception to the general rule of caveat emptor. See *Wilhite v. Mays*, 239 Ga. 31 (235 SE2d 532) (1977). See also *Worthey v. Holmes*, 249 Ga. 104 (287 SE2d 9) (1982). However, we do not agree that the instruction given is reversible error. The trial court acknowledged the law of fraudulent concealment and indicated a further instruction would be given in that regard. The trial transcript shows the trial court did, in fact, give

the jury an adequate charge on the law of fraudulent concealment at the close of the evidence. Thus, the trial court's instruction to the jury, when taken as a whole, was accurate and not incomplete. See, e.g., *Jordan v. Santa Fe Engineering*, 198 Ga. App. 600 (2a) (402 SE2d 304) (1991). We disagree that the instruction given at the time the testimony was excluded was an improper comment by the judge on the evidence in the case.

2. The Blaxtons also argue the trial judge erred in sustaining the objection to the testimony about the fireplace because testimony had already been admitted without objection concerning the allegedly defective fireplace. Thus, they argue, the evidence had the effect of amending the pleadings and placing the allegations concerning the fireplace at issue in the case. During the bench conference concerning the objection, however, the Blaxtons' attorney conceded that he did not oppose the exclusion of the evidence about the fireplace but objected only to the judge's instruction concerning the doctrine of caveat emptor. Thus, the Blaxtons acquiesced in the exclusion of the evidence and may not now complain that the ruling was in error. "No matter how erroneous the ruling might have been (and we express no opinion on this question), a litigant cannot submit to a ruling, acquiesce in the ruling, and still complain of same. He is required to stand his ground and fight in order to successfully enumerate as error an erroneous ruling by the trial judge. Acquiescence completely deprives him of the right to complain further; he has agreed that the trial court's ruling was correct by submitting to it. [Cit.]" *Upshaw v. Cooper*, 127 Ga. App. 690, 692 (194 SE2d 618) (1972).

3. The trial judge granted Clemens' motion in limine prohibiting the parties from presenting evidence of the financial worth of the parties. The Blaxtons argue the trial court erred in permitting Clemens to violate his own motion in limine by permitting his attorney to question Mr. Blaxton concerning his family's income. The transcript shows, however, that on direct examination Mr. Blaxton testified he was financially unable to make the necessary repairs to the roof of the house to correct the alleged defect in the roof. Thus, the questions propounded to Mr. Blaxton on cross-examination concerning his financial ability to make necessary repairs to his house were properly allowed to impeach the earlier testimony. Since mitigation of damages is properly an issue in a claim for damages from tortious misconduct (see OCGA § 51-12-11), and since the issue of financial ability was first raised by Mr. Blaxton, we find no reversible error in permitting such cross-examination.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 3, 1992.

*Cheney & Cheney, Curtis V. Cheney, Jr., Sharon G. Cheney*, for appellants.

*Stubbs & Associates, M. Francis Stubbs*, for appellee.