## A92A2405, A92A2406. BROWN v. SOUTHERN AGGREGATES COMPANY; and vice versa.

(429 SE2d 294)

BLACKBURN, Judge.

Michael Brown sued Southern Aggregates Company for injuries he allegedly received as a result of Southern's negligence. He appeals from a verdict in his favor in the amount of $85,000, contending that the size of the verdict was inadequate because of the trial court's erroneous refusal to inform the jury of a prior settlement with another tortfeasor arising from the same facts, and because of a misleading jury charge on comparative negligence.

As a brakeman employed by the Central of Georgia Railroad Company, appellant was required to ride on the lead end of a cut of rock hopper cars into an unlit rock quarry owned by appellee. The railroad tracks made a loop into and out of the quarry. Rocks were brought by appellee's employees to the center of the loop, requiring its dump trucks to cross the railroad tracks. Appellant was injured when one of appellee's dump trucks was driven across the railroad tracks and collided with the train, crushing appellant between the truck and the train car on which he was riding.

1. Appellant's lawsuit was originally filed against appellee and the Central of Georgia Railroad Company, but he settled with the railroad for $45,000. Appellant's attorney requested the trial court to apprise the jury that a settlement had been reached with the railroad in the amount of $45,000. The trial court refused, electing instead to withhold the fact and amount of the settlement from the jury and reduce the amount of any damages awarded by the amount of the settlement. Appellant enumerates as error the trial court's refusal to permit him to reveal this to the jury, contending it caused him to be unduly prejudiced when defense counsel pointed to an empty chair in the courtroom and argued that the railroad was the liable party in order to convince the jury that appellant had received a large settlement with the railroad.

We find no reversible error. The rule is that where the plaintiff has settled with one or more of the claimed tortfeasors and proceeds to trial against the remaining tortfeasor, any damages awarded at trial

must be reduced by the amount of the settlement. *Barnes v. Wall*, 201 Ga. App. 228 (2) (411 SE2d 270) (1991). In the trial court's discretion, "either the settlement amount may be disclosed to the jury and the jury instructed to consider that amount in awarding its verdict against the remaining party, or the amount of the settlement must be withheld from the jury and the jury instructed to disregard any dismissals from the action and anything they may have heard regarding settlement and return a verdict for the total amount due . . . as a result of the accident. If the latter option is elected, the court would then, of course, set off the amount of the settlement. . . ." *King Cotton, Ltd. v. Powers*, 190 Ga. App. 845, 849 (2) (380 SE2d 481) (1989).

Although no instruction was given the jury to disregard anything they heard about dismissals from the action or settlements, appellant suffered no harm as a settlement with the railroad was never mentioned to the jury. Appellant himself, through his counsel's opening statement, told the jury that the railroad was originally sued but "[t]hey didn't do anything wrong." Not only did appellant fail to object when the trial court failed to inform the jury of the settlement and its amount, he made no objection to any reference by the appellee to the "empty chair" and thus "did nothing to cause the trial court to rule on this issue. A party cannot ignore what he deems as error, remain silent taking his chance on a favorable verdict, and then assert the error on appeal. [Cit.]" *Fabe v. Floyd*, 199 Ga. App. 322, 331 (3) (405 SE2d 265) (1991). Thus he acquiesced in any purported error in this regard and may not now complain that the ruling was in error. *Blaxton v. Clemens*, 202 Ga. App. 668 (2) (415 SE2d 304) (1992).

Insisting that he did not waive his pretrial objections to the court's refusal to inform the jury of the settlement, appellant argues that no objection was necessary at trial after he had made repeated efforts to change the judge's mind and was told that the issue had already been ruled on. For this reason, and to encourage settlement and compromise, he urges this court to allow the plaintiff to make the choice of which procedure to follow. However, that is not a function of this court. "Trial courts are invested with a wide discretion in regulating and controlling the business of the court. It will not be interfered with unless it appears that wrong or oppression resulted. [Cits.] There is no showing of abuse [here]. [Cit.]" *Pirkle v. Hawley*, 199 Ga. App. 371, 377 (9) (405 SE2d 71) (1991).

Nor is reversal required by appellant's complaint that lack of information of the settlement allowed the jury to speculate he had received a large amount from the railroad, and thus unfairly prejudice him with a low verdict. " 'The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as

to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. (Cits.) Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to "shock the conscience." (Cits.) . . . Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence. (Cits.)' [Cit.]" *Bales v. Shelton*, 197 Ga. App. 522 (1) (399 SE2d 78) (1990); *Lee v. Britt*, 200 Ga. App. 1 (406 SE2d 535) (1991).

As correctly pointed out by appellee, there was sufficient evidence of contributory negligence, pre-existing injury and malingering on the part of appellant to justify the size of the verdict reached by the jury here. " 'In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence. (Cit.)' [Cit.]" *McCall v. MARTA*, 192 Ga. App. 105, 106 (2) (384 SE2d 215) (1989); OCGA § 51-12-12.

2. The giving of a charge requested by appellee in regard to the negligence of appellant in failing to comply with his duty to warn all persons and vehicles in close proximity of the train or railroad crossing of the approach of the train on which he was riding likewise does not necessitate reversal. Since the subject of this charge concerned liability and not damages, and the jury found for appellant on the issue of liability, any error was rendered harmless by the jury verdict. *Benson v. Tucker*, 160 Ga. App. 217 (3) (286 SE2d 485) (1981). " '(I)t has long been the rule that when a verdict has been returned in favor of the plaintiff, errors in the giving of the charge, in omissions from the charge or in the refusal of requests which go to the matter of liability only are harmless to the plaintiff and afford no ground for reversal at his instance. (Cits.)' [Cit.]" *Heath v. L. E. Schwartz &c.*, 199 Ga. App. 452, 453 (405 SE2d 290) (1991).

3. Cross-appellant indicated in its cross-appeal, Case No. A92A2406, that, in the event of affirmance of Case No. A92A2405, it wishes to withdraw such cross-appeal and it is accordingly dismissed.

*Judgment affirmed in Case No. A92A2405. Case No. A92A2406 dismissed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 17, 1993 —

*Burge & Wettermark, Michael J. Warshauer*, for appellant.
*Jones, Cork & Miller, Carr G. Dodson, H. J. Strickland, Jr.*, for

appellee.

