A96A2508. DEE et al. v. SWEET et al.
(480 SE2d 316)

BIRDSONG, Presiding Judge.

Appellants/defendants William V. Dee and Arthur H. McMahon appeal from the order granting appellees/plaintiffs' motion to execute judgment against registry funds and denying appellant Dee's motion for appointment of guardian ad litem.

In January 1992, following the acrimonious termination of the parties' business relationship, appellees sued appellants seeking damages for various business-related tortious conduct (Civil Action Case No. D-96405). A temporary restraining order (TRO) was granted preventing destruction of evidence by appellants; subsequently, another TRO was granted restraining appellants from disposing of certain corporate and personal assets of appellants. Expedited discovery commenced. During the taking of the deposition of appellant Dee's wife, Janet, it was discovered she had transferred $142,000 in her own name into out-of-state banks. At trial of Case No. 96405, Mrs. Dee testified that appellant Dee had directed her to transfer these funds. Mrs. Dee's actions caused appellees to file suit (Civil Action Case No. D-96953) against her requesting a TRO. In February 1992, in Case No. D-96953, Mrs. Dee was ordered to transfer instanter into the superior court registry the $142,000 she had transferred to out-of-state bank accounts. Mrs. Dee complied and transferred the monies into the court registry in Case No. D-96953.

Mrs. Dee subsequently filed for divorce. In June 1993, in Civil Action Case No. D-98878, the trial court entered a final judgment and decree of divorce between appellant Dee and his wife. The funds transferred by Mrs. Dee were to be held in the registry pending the outcome of the " 'Sweet and Wright' " tort litigation (Case No. 96405), and were to be given to appellant Dee only to the extent that any of said funds, plus any accrued interest, were thereafter awarded to appellant in Case No. 96405. The decree also ordered appellant Dee to pay certain debts and obligations of the parties, including any debts arising out of final litigation in Case No. 96405. Further, pursuant to the decree, appellant Dee was required to pay child support, all medical, psychological, and dental (including orthodontic) expenditures, and one-half of certain tuition costs for his minor children.

In July 1993, in Case No. D-96405, appellant Dee filed a motion for withdrawal of the funds which had been transferred to the registry pursuant to the February 1992 order entered in Case No. D-96953. The trial court denied the motion without prejudice. On October 8, 1993, the trial court entered an order dismissing the complaint against Mrs. Dee in Case No. D-96953, and transferring the funds being held pursuant to the February 1992 order in Case No. D-96953 to Case No. D-96405.

In March 1994, after a jury trial in Case No. D-96405, a special verdict was returned against appellants as to appellees' claims of fraud and Georgia RICO; the special verdict also found against appellant McMahon on the claim of libel and in favor of appellee Wright on the claim of tortious interference with commissions. *Dee v. Sweet*, 218 Ga. App. 18, 19 (460 SE2d 110). The jury awarded appellees a judgment of $724,776 and appellants appealed. (In July 1994,

fi. fas. were issued showing appellant Dee's joint and several liability in the amount of $339,363 principal as to appellee Sweet and $305,413 principal as to Wright.)

The issue of entitlement to the registry money was not expressly adjudicated during the trial of Case No. D-96405, notwithstanding the order of the superior court, filed on October 8, 1993 in Case No. D-96953, which transferred the registry funds to Case No. D-96405 to be "held there until the issue of entitlement to the funds is decided in that case."

In August 1994, the trial court ordered appellants to post a joint supersedeas bond, reduced (by the amount of all principal and interest then in the court's registry) to an amount of $517,087.27. The order placed appellants on notice that if the bond was not timely posted, the notice of appeal filed by appellants in Case No. D-96405 would not serve as supersedeas with respect to their adjudged joint and several liability to appellees. Appellant Dee failed to post the required bond. The appeal proceeded and in July 1995, judgment was affirmed by this Court in *Dee v. Sweet*, supra.

In September 1994, while the tort suit appeal was still pending, appellees filed a motion to execute their judgment against the registry funds due to appellant Dee's failure to post supersedeas bond. This motion was the first claim made by any creditor of appellant Dee to levy upon the registry funds. In response, appellant Dee moved for the appointment of a guardian ad litem for his children and opposed appellee's motion to execute. Appellant Dee basically contends that the registry funds constitute marital assets which should be used to satisfy the arrearage of his prior court-imposed child support obligation and that his children have a paramount claim over the funds in the registry. In February 1996 a hearing was held on appellees' motion; the trial court granted appellees' motion to withdraw and pay registry funds to the appellees and denied appellant Dee's motion for appointment of a guardian ad litem. *Held*:

1. The trial court did not err in denying appellant's motion for appointment of a guardian ad litem. OCGA § 29-4-7 pertinently provides: "When a minor is interested in any litigation pending in any court in this state and he has no guardian or his interest is adverse to that of his guardian, such court *may* appoint a guardian ad litem for the minor." (Emphasis supplied.) A trial court exercises discretion whether to appoint a guardian ad litem pursuant to the provisions of OCGA §§ 29-4-7 and 9-11-17 (c). See *Munford v. Maclellan*, 258 Ga. 679, 681 (2) (373 SE2d 368); *O'Neil v. Moore*, 118 Ga. App. 424, 428 (2) (164 SE2d 328). Pursuant to the final judgment and decree of divorce, both appellant Dee and Mrs. Dee were awarded joint custody of the two children; however, Mrs. Dee was designated as the primary physical custodian of the children and, in instances of dispute,

was granted "the sole power and responsibility for making the final decision regarding [all major decisions concerning the children, including but not limited to matters of education, health care, and religious training,] and other issues concerning the raising of the minor children." The divorce decree in its four corners reflects that Mrs. Dee, as the children's mother and primary physical custodian, is the natural guardian of the children (see generally OCGA §§ 29-4-1; 29-4-2 (a)), and also was vested with broad power to make final decisions regarding their persons and property. Appellant has failed to raise any issue as to the mother's lawful authority to act on behalf of her children in regard to their property rights. Further, as affirmatively recognized by the trial court, there exists no admissible evidence of record that Mrs. Dee's interests in the matters here at issue are adverse to that of her children. The clear import of OCGA §§ 9-11-17 (c) and 29-4-7 when construed in pari materia is that "a guardian ad litem need not be appointed for a minor who has a regular guardian, except in case the interest of the minor is adverse to that of his guardian." *Marshall v. C & S Nat. Bank*, 54 Ga. App. 123, 128 (1) (187 SE 240). *Mosley v. Lankford*, 244 Ga. 409 (260 SE2d 322) is distinguishable. Under the attendant circumstances, the trial court did not abuse its discretion in denying appellant's motion for the appointment of a guardian ad litem for the children.

2. Appellants assert the trial court erred in failing to follow the lien priority established pursuant to OCGA §§ 44-14-321 and 44-14-323. Appellants' enumeration, as crafted, is without merit. Pretermitting whether the children are in fact judgment creditors of appellant Dee is the issue whether the final judgment and decree of divorce created a lien superior to the judgment creditor claims of the appellees. We hold it did not. OCGA § 9-12-80 pertinently provides: "All judgments obtained in the superior courts . . . of this state shall be of equal dignity and shall bind all the property of the *defendant* in judgment, both real and personal, from the date of such judgments except as otherwise provided in this Code." (Emphasis supplied.) However, divorce judgments are an exception to this rule. *Cale v. Hale*, 157 Ga. App. 412, 413 (277 SE2d 770). "Recognizing that public policy favors the free alienation of private property and the need of the divorced husband to be able to continue transacting business without a lien against his property, the court in *Chero-Cola Co. v. May*, 169 Ga. 273 (149 SE 895) . . . held: 'A judgment for permanent alimony, payable in stated monthly installments, and not for a fixed gross sum, does not create a lien for monthly installments *not due when creditors acquired their liens*, upon the property of the husband which he then owns or may afterwards acquire, superior to liens which he may subsequently create on such property in favor of other creditors, where no lien is expressly created upon such property in

the judgment for alimony.'" Id. The same public policy operates to extend this exception to monthly child support installments paid to a wife, as ordered by a divorce decree. The divorce decree here at issue did not award a lump sum support payment, neither did it expressly create a lien against the court registry funds in favor of the children. Appellants failed to establish affirmatively by the record that subsequent to the divorce decree, either when appellees became judgment creditors of appellant Dee or when appellees obtained a judicial ruling entitling them to the registry funds, there existed unpaid, accrued support installments in any sum certain. Appellants failed to carry their burden of showing that a superior lien existed in favor of the children as to the registry funds prior to the time when appellees became judgment creditors of appellants and acquired their liens.

Additionally, examining the decree of divorce on its four corners, we find it operated to divest Mrs. Dee of any legal claim to the registry fund money. Further, contrary to the property claim asserted by appellant Dee, the decree served to set aside for the use and benefit of the prevailing party in Case No. D-96405 the particular registry funds at issue. Specifically, the decree provided that appellant Dee was to obtain a property interest in these registry funds but only "to the extent" that the funds were subsequently awarded to him in Case No. D-96405. This provision in effect created a condition precedent to appellant Dee's acquisition of any property right in the registry funds that he first be awarded judicial entitlement thereto. Appellant Dee never was awarded the registry funds and thus never acquired any property right to them after their deposit in the court registry. This result is not harsh, in view of appellants' pre-litigation conduct and appellant Dee's election not to appeal the final judgment and decree of divorce regarding this issue.

3. Appellants contend that the superior court erred in issuing a subsequent ruling which overruled a prior court decision of the same court requiring the issue of entitlement to the court registry funds to be resolved by a jury. In the final judgment and divorce decree of appellant Dee and Mrs. Dee, filed July 11, 1993, it was determined that appellant Dee would receive the registry funds at issue but only to the extent that any such funds were awarded to him either by judge or jury in Case No. D-96405. In an interlocutory order filed July 28, 1993 in Case No. D-96405, Judge Hull, after dismissing appellants' emergency motion for withdrawal of the registry funds without prejudice, entered an additional finding that the motion involved disputed issues of fact which must be resolved by a jury. Subsequently by order of Judge Hull, filed October 8, 1993 in collateral Case No. D-96953, the same funds were transferred into the registry to Case No. D-96405 with the direction that they be held until the entitlement thereto be determined. (This latter order by Judge

Hull also directed that the jury not be informed during trial that funds were being held in the registry.) Nevertheless, Case No. D-96405 proceeded to judgment without any express determination being made as to the entitlement of the funds. Appellants did not timely raise any appellate issue, during the appeal of Case No. D-96405, regarding the lack of a jury determination as to entitlement to the registry funds (see generally *Dee v. Sweet*, 218 Ga. App. 18, supra); neither does the record establish that appellants timely initiated any successful appeal of that portion of the order of October 8, 1993, which precluded the jury's knowledge during trial of the existence of registry funds. On appeal, following the post-judgment hearing in Case No. D-96405 in which the trial court granted appellees' motion to execute a judgment against the registry funds, appellants belatedly raise the issue of lack of a jury trial as to registry fund entitlement. Appellants cannot now prevail on this argument. It is well settled that " '[a] party cannot during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later.' " *Bolden v. Carroll*, 239 Ga. 188, 189 (1) (236 SE2d 270). Neither can a party complain of a verdict, judgment, ruling, or order that his own trial procedure or conduct aided in causing. *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673).

*Judgment affirmed. Beasley and Blackburn, JJ., concur.*

DECIDED JANUARY 17, 1997.

*McKenney & Froelich, William J. McKenney*, for appellants.
*Kilpatrick & Cody, James F. Bogan III, Matthew H. Patton*, for appellees.