## A97A0992. PADILLA v. MELENDEZ.
(491 SE2d 905)

BLACKBURN, Judge.

The mother of J. Z. M. appeals an order of the superior court granting visitation rights to the child's father, contending that the court abused its discretion in failing to appoint a guardian ad litem

at the joint request of the parents. She also contends the court prematurely held the trial of the case without proper notice to the parties.

The mother and father were not married when the child was born. The father legitimated the child in September 1996 and paid child support. On September 26, 1996, the father filed a complaint seeking visitation rights with the child, who was seven months old at the time. The next day, the court issued a rule nisi directing the mother to appear at a hearing on October 10, 1996, to show why the relief requested should not be granted. At the hearing, the father's attorney stated that she wished the court to grant at least temporary visitation rights to the father and requested the appointment of a guardian ad litem to assist the parties in reaching a final settlement on the issue of visitation. The mother's attorney stated that he also "thought it would be best to, if we can, resolve the temporary issue of visitation. But we do join in the request for a guardian ad litem." The judge denied the motion to appoint a guardian ad litem and indicated that he would resolve the visitation issue that day. After hearing evidence, the court entered an order granting the father permanent visitation rights.

1. The mother contends that the court erred in conducting a final trial of the case prematurely and without proper notice to the parties. As the trial was held only two weeks after the filing of the complaint, she contends the court violated OCGA § 9-11-40 (a), which provides that "[a]ll civil cases, including divorce and other domestic relations cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed therein."

However, the mother did not raise this issue before the trial court. Although her attorney stated that he thought it would be best to resolve the issue of temporary visitation, he did not in any way indicate that he believed it was premature to conduct a hearing on final visitation rights. Nor did he request a continuance of the hearing or indicate in any way that he was not prepared to proceed. Thus, the mother and her attorney never gave the trial court an opportunity to consider whether it was premature to conduct the hearing; and indeed never indicated that this was even an issue. "We do not consider issues raised for the first time on appeal, because the trial court has not had opportunity to consider them." *Nationwide Mut. Fire Ins. Co. v. Wiley*, 220 Ga. App. 442, 444 (4) (469 SE2d 302) (1996).

Moreover, the mother clearly acquiesced in the trial court's conduct of the hearing. After the trial court indicated that it would resolve the visitation issue at the hearing, the mother's attorney did not object or in any way indicate that such action was improper. As discussed above, he did not request a continuance or indicate that he was not prepared to proceed with the trial. "No matter how erroneous

a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." (Punctuation omitted.) *Renshaw v. Feagin*, 199 Ga. App. 148, 151 (4) (404 SE2d 457) (1991). Accordingly, the mother may not now complain for the first time that the hearing was premature.

Furthermore, the mother has not shown that she was harmed by the timing of the hearing. The rule nisi clearly placed the parties on notice that all issues raised in the complaint for visitation were to be considered at the hearing. See *Brand v. Brand*, 244 Ga. 124 (259 SE2d 133) (1979) ("A rule nisi may be used by the trial court to give notice of a permanent child custody hearing notwithstanding the practice that a rule nisi is more often used to give notice of preliminary, temporary or other interlocutory hearings"). The transcript reveals that the mother and her attorney were well prepared for the hearing. The mother testified and presented documentary evidence and also had another witness present to testify regarding the father's relationship to the mother and child. The mother's attorney extensively cross-examined the father and his other witnesses regarding details of the father's life and his actions toward the mother and child. The mother failed to show either at trial or on appeal how she was harmed by the timing of the hearing, or how additional time would have enabled her to better prepare. For the above reasons, this enumeration is without merit.

2. The mother contends the trial court erred in denying the parties' joint motion for appointment of a guardian ad litem.

OCGA § 29-4-7 provides that "[w]hen a minor is interested in any litigation pending in any court in this state and he has no guardian or his interest is adverse to that of his guardian, such court may appoint a guardian ad litem for the minor." "A trial court exercises discretion whether to appoint a guardian ad litem pursuant to the provisions of OCGA §§ 29-4-7 and 9-11-17 (c)." *Dee v. Sweet*, 224 Ga. App. 285, 287-288 (1) (480 SE2d 316) (1997).

In this case, however, it does not appear that the trial court exercised discretion in denying the motion for a guardian ad litem. Rather, the court summarily denied the motion without hearing evidence or arguments as to why the appointment of a guardian ad litem was necessary to protect the child's interests. The judge's decision to deny the motion was not based on an analysis of whether the appointment of a guardian ad litem was necessary or appropriate to protect the child's interests. This is demonstrated by the court's comment, "Motion denied. I will decide it today. Call your first witness. Ain't no need in dragging this out." We note that, after this ruling, the mother presented evidence at the visitation hearing that the

father was a potential danger to the child, which evidence suggests that the appointment of a guardian ad litem would be in the best interest of the child. The role of the guardian ad litem is to protect the interests of the child and to investigate and present evidence to the court on the child's behalf, a role which the court cannot properly fulfill. The responsibility of the court in determining whether or not to appoint a guardian ad litem for the child is to consider indications of potential danger to such child and whether or not the interests of the child are likely to be adequately protected by its natural guardian.

"[I]f the appellate court is unable to ascertain whether the [lower] court has exercised its discretion, the appropriate course for the appellate court is not to perform a de novo review of the evidence in the guise of a harmless error analysis, but instead is to vacate the judgment and remand the case to the [lower] court for further proceedings consistent with its statutory duty." *In re E. W.*, 256 Ga. 681 (353 SE2d 175) (1987). The court failed to exercise its discretion in denying the joint request for a guardian ad litem in the face of contentions of potential danger to the child. As the evidence presented might well have been different had the child been represented by a guardian ad litem, we cannot say that the error was harmless. Therefore, the court's order granting visitation rights to the father is hereby stayed, and the case is remanded to the trial court for action consistent with this opinion. Should the court appoint a guardian ad litem after exercising its discretion in such matter, the court shall then reconsider the issue of visitation rights at a new hearing. Should the court determine that appointment of a guardian ad litem is not necessary, its order granting visitation rights to the father shall stand affirmed, subject only to the mother's right to appeal the decision not to appoint a guardian ad litem.

*Judgment affirmed on condition and case remanded. Pope, P. J.; and Johnson, J., concur.*

DECIDED SEPTEMBER 10, 1997.

*Taylor & Viers, Richard T. Taylor*, for appellant.
*Barbara B. Briley*, for appellee.