## A99A1407. GEARING v. ETOWAH BANK.
(523 SE2d 899)

ANDREWS, Presiding Judge.

Charles Gearing appeals from the judgment entered in favor of Etowah Bank after a jury trial of his premises liability action arising from his fall on ice outside the bank's entrance.

Viewed in favor of the jury's verdict, the evidence was that Gearing was a regular customer of Etowah Bank, maintaining accounts

---

[1] OCGA § 9-11-52 (a).
[2] *Lancaster v. USAA Cas. Ins. Co.*, 232 Ga. App. 805 (1) (502 SE2d 752) (1998).

there and financing his rental properties through the bank. During Christmas weekend of 1993, it snowed Christmas Day, then warmed up the next day. On Monday, December 27, 1993, the weather turned "real cold." Gearing drove to the bank between 9:00 and 9:30 a.m. and parked in front of the bank. He did not see any ice as he exited the van, but started up the walkway and fell. Gearing contended that a leaking gutter caused the ice to form.

Hoard, Senior Vice President of Etowah Bank, supervised this branch, and it was his practice every morning as he entered to check the premises. On Monday, December 27, he did not notice either a problem with the gutter or any ice on the premises as he entered around 7:30 a.m. Hoard recalled Gearing later coming into the bank, walking sideways because he said he had ripped the seat out of his pants. Gearing did not mention falling to him.

1. Gearing's first enumeration is that the trial court erred in allowing the bank's cross-examination of Gearing concerning prior back, neck and shoulder problems.

During direct examination, Gearing testified that he had previous problems with his back in 1979 and 1993, prior to this incident. During the bank's cross-examination, when Gearing was being asked about prior complaints he had made to his doctor, his counsel objected only that the testimony was repetitive of the doctor's and further acknowledged that Gearing had had previous back problems. Thereafter, during argument over the objection, Gearing's counsel withdrew the objection.

Pretermitting the fact that Gearing opened the door to this area of inquiry, the argument made here is not that made below, which was in fact withdrawn. Therefore, there is nothing in this regard to review. See, e.g., *Thomas v. American Global Ins. Co.*, 229 Ga. App. 107, 108 (2) (493 SE2d 12) (1997); *Potts v. State*, 134 Ga. App. 512 (1) (215 SE2d 276) (1975); see *Heffernan v. Home Depot U.S.A.*, 226 Ga. App. 167, 169 (3) (486 SE2d 51) (1997).

2. Gearing next complains of a portion of the bank's counsel's closing argument. Review of the transcript, however, reflects no objection made either during the argument or thereafter.

Having failed to object to any erroneous argument below, Gearing will not now be allowed to complain because the trial court has had no opportunity to consider the issue. *Padilla v. Melendez*, 228 Ga. App. 460, 461 (491 SE2d 905) (1997); *Blaxton v. Clemens*, 202 Ga. App. 668, 669 (2) (415 SE2d 304) (1992).

Further, even assuming the argument made was improper, the court repeatedly instructed the jury that the arguments were not evidence and were not to be so considered by them, making any such error harmless. See *Thimble Square v. Frost*, 221 Ga. App. 379 (1) (471 SE2d 305) (1996).

3. In his third enumeration, Gearing claims error in the trial court's acceptance of a verdict in the bank's favor which was the verdict of only 11 of 12 jurors.

Again, however, the transcript clearly reflects that Gearing acquiesced in the acceptance of a nonunanimous verdict and made no objection below. This occurred after the jury informed the court, without indicating which way the vote was split, that it was deadlocked eleven to one.

As appellate counsel acknowledges, there is no legal impediment to a nonunanimous verdict. *Phillips v. Meadow Garden Hosp.*, 139 Ga. App. 541, 542 (1) (228 SE2d 714) (1976).

There was no error. *Thomas*, supra; *Padilla*, supra.

4. Finally, error is claimed in denial of his motion for new trial. No such motion was filed below, and there is nothing in this regard to review. *Padilla*, supra.

5. We have considered Etowah Bank's motion for imposition of penalty for frivolous appeal, and it is denied.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 20, 1999.

*Chad A. McGowan*, for appellant.
*Goodman, McGuffey, Aust & Lindsey, James F. Cook, Jr.*, for appellee.