S12F1737. BISHOP v. BAUMGARTNER.
(738 SE2d 604)

BENHAM, Justice.

Acting pursuant to Rule 34 (4) of the Rules of the Supreme Court of Georgia, we granted appellant Andrew Bishop's application for

discretionary review of the final judgment and decree of divorce that awarded sole legal and physical custody of his two-year-old daughter to appellee Erika Baumgartner ("Mother") and gave no visitation to Bishop ("Father"). The sole issue on appeal is whether the trial court abused its discretion in denying visitation to Father. Since evidence in the record supports the trial court's exercise of its discretion, we conclude that the trial court did not abuse its discretion in denying visitation rights to Father.

Father and Mother were married in April 2008 in Ohio and became parents of a baby girl in February 2009, while Mother was living in Ohio and Father was with the United States Army in Iraq.[1] They separated in the latter part of 2009, and Mother and the child moved to Georgia in May 2010. Mother filed a petition for divorce in Columbia County, Georgia, in November 2010, and the parties were divorced by judgment and decree entered in June 2011. In the final judgment and decree, the trial court found that Father was morally unfit for visitation and had failed to demonstrate his ability to act in the child's best interests. In reviewing the seventeen factors set forth in OCGA § 19-9-3 to aid in the determination of the best interests of the child, the trial court found fourteen of the factors strongly favored Mother, two factors were inapplicable to the case, and only one factor, that the guardian ad litem recommended that Father be granted some visitation, favored Father.

Georgia has a statutorily-expressed policy to allow visitation rights to divorced parents "who have shown the ability to act in the best interest of the child and to encourage parents to share in the rights and responsibilities of raising their child. . . ." OCGA § 19-9-3 (d).

> A divorced parent has a natural right of access to his child awarded to the other parent, and only under exceptional circumstances should the right or privilege be denied, but the welfare of the child must receive the paramount consideration in the determination of this matter. This privilege must yield to the good of the child, and may be denied to either, or both, parents, where the best interests of the child will be served thereby.

---

[1] Due to disciplinary issues while deployed in Iraq, Father was denied emergency leave to return to the United States for the birth of his child. He subsequently received a general discharge under less than honorable conditions and returned to the United States in August 2009.

*Griffin v. Griffin*, 226 Ga. 781 (3) (177 SE2d 696) (1970). When child custody, including visitation, is an issue between parents, the trial court

> has very broad discretion, looking always to the best interest of the child. [Cit.] When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion.

*Frazier v. Frazier*, 280 Ga. 687 (2) (631 SE2d 666) (2006).

The trial court conducted an evidentiary hearing in May 2011 at which the parties, the paternal grandparents of the child, and the court-appointed guardian ad litem testified. Father testified he had lived with his parents in Ohio since November 2009, was working part-time at a landscaping company, and had not seen the child for 18 months. He acknowledged that since August 2010, he had been arrested twice for operating a vehicle while under the influence of alcohol or drugs, had been cited for failure to maintain lane while driving on a third occasion, and had served three days in jail and had his driver's license suspended for six months as a result of the offenses. He also had been charged with civil stalking and with rape and, while both charges were dismissed, Father acknowledged that his use of alcohol had fueled both incidents giving rise to those charges. In January 2011, the guardian ad litem requested that Father submit to a test for the presence of illegal drugs in his system, and Father did not comply until March 29. That drug screening was negative for the presence of drugs, as was a screening done the day prior to the May 2011 hearing. The trial court noted that Father did not make use of the Ohio courts, which had jurisdiction of the child for several months after Mother and the child moved to Georgia, to seek custody or visitation with the child, and had not contacted his parents-in-law concerning the whereabouts of his wife and child after they had left Ohio.

A guardian ad litem was appointed in December 2010 and in March 2011 issued an interim assessment in which she stated her belief that Father was unfit for visitation with the child. In her final report issued two months later, the guardian stated that Father had not demonstrated the child was a priority in his life, that he lacked stability in his life, had trouble following rules, and had displayed a lack of interest in the custody litigation. The guardian stated her belief that Father "is lacking as a fit father and needs to prove himself to this court[,]" yet recommended he be given joint legal custody of his

daughter and be allowed supervised visitation with her. At the hearing, the guardian ad litem explained that she had made her final report's recommendations in order that Father could have access to the child's medical records and because, while the guardian did not normally give people with drug and alcohol problems a chance, she wanted to give him the opportunity to be the child's father and to give his parents the opportunity to know their granddaughter. The guardian also testified that she had been given the authority to allow Father visitation while the petition for divorce was pending, yet Father contacted her only to discuss the parenting questionnaire he was required to submit. At the conclusion of the hearing, the trial court made several findings of fact, including the observations that Father had not demonstrated the ability to act in the best interest of the child or showed the desire to have visitation with the child.

The trial court's findings regarding Father's fitness as a parent are supported by evidence of Father's lack of interest in the child, his chronic excessive use of alcohol, and his lack of judgment. Accordingly, we conclude the denial of visitation to Father was not an abuse of discretion. See *Taylor v. Taylor*, 282 Ga. 113 (1) (646 SE2d 238) (2007). We note that the judgment of the trial court does not preclude Father from seeking a modification thereof upon a showing of a change in his conduct that constitutes a material change of circumstances substantially affecting the welfare of the child. See *Horn v. Shepherd*, 292 Ga. 14 (5) (732 SE2d 427) (2012).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 18, 2013.

*Shepard, Plunkett, Hamilton & Boudreaux, Stephen E. Shepard,* for appellant.
*William C. Davison,* for appellee.