S13F1599. TERRELL v. TERRELL.
(751 SE2d 415)

MELTON, Justice.

Judy Chatfield Terrell ("Wife") and Dale Allen Terrell ("Husband") were divorced pursuant to an October 25, 2010 Final Decree. Husband was awarded primary physical custody of the parties' minor daughter, and Wife was awarded visitation rights. This Court granted Wife's application for appeal pursuant to Supreme Court Rule 34 (4),

by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit. For the reasons that follow, we affirm.

The record reveals that, after Wife filed for divorce from Husband in August 2010, both Husband and Wife requested primary physical custody of the couple's minor daughter. Husband was awarded temporary primary physical custody in September 2010. Wife was awarded visitation rights. However, in February 2012, Wife filed an Ex Parte Motion for Emergency Custody on grounds that Husband refused to follow a doctor's orders for medical treatment of the child, then five years old, after she was diagnosed with a urinary tract infection and a yeast infection within two weeks while in Husband's care. On the day of the filing, the trial court entered an Ex Parte Custody Order granting emergency custody to Wife. In March 2012, the trial court awarded temporary primary custody to Wife and awarded Husband supervised visitation every other weekend. The court also ordered a forensic psychosexual evaluation of the child to determine whether any abnormalities in the child's genital exam that had been conducted by the child's pediatrician could have been related to possible sexual abuse.

In May 2012, the trial court held a hearing to review the child's psychosexual evaluation. The child did not disclose any sexual abuse during her evaluation. A series of experts made no determination of any abuse having occurred. The trial court granted continued primary physical custody to Wife and ordered continued supervised visitation for Husband. The trial court also ordered that both parents undergo psychosexual evaluation, drug testing, and polygraph testing. Neither psychosexual evaluation revealed that any abuse had taken place. Husband's drug tests were negative. Wife, however, tested positive for THC metabolites.

During the final hearing, held in July and October 2012, Wife raised, for the first time, allegations that Husband had previously masturbated over the child, wanted to engage in sexual intercourse with Wife while the child was in bed with them, wanted the child to suck his fingers, and showered inappropriately with the child. During the final hearing, however, when confronted about having not made such allegations at any time in the past, Wife testified that her former counsel advised her not to raise the allegations.

Following the final hearing, the trial court awarded primary physical custody to Husband and visitation rights to Wife in its October 25, 2012 Final Decree.

The sole issue that Wife raises on appeal is whether the trial court abused its discretion in awarding primary custody of the

parties' minor child to Husband.

> When child custody . . . is an issue between parents, the trial court "has very broad discretion, looking always to the best interest of the child. When the trial court has exercised that discretion, this court will not interfere unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion."

(Citations and punctuation omitted.) *Bishop v. Baumgartner*, 292 Ga. 460, 462 (738 SE2d 604) (2013).

Here, because there was evidence to support the trial court's award of custody to Husband, we find no abuse of discretion. Specifically, Husband tested negative for every drug tested, whereas Wife tested positive for THC metabolites/marijuana. Furthermore, with respect to Wife's claims that Husband sexually abused their child — claims that she raised only at the final hearing — the trial court found, "[t]he evidence is clear that [Husband] *never* molested [the child] or committed any act of a sexual nature in her presence." (Emphasis supplied.) Husband was also found to have been truthful during a polygraph test in which he denied any such sexual activity. Moreover, Wife's own testimony revealed that Husband engaged in positive activities with his daughter on weekends, such as taking her to church.

We find no abuse of discretion in the trial court's custody award. *Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 18, 2013.

*Sara E. Adams*, for appellant.
*Foster & Hanks, Marcy A. Hanks*, for appellee.