**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 7, 2023**

# In the Court of Appeals of Georgia

A23A1644. BARRETT v. BRYAN.

HODGES, Judge.

Samantha Barrett appeals from a trial court order denying her motion to appoint a guardian ad litem in this domestic relations case. Finding no error, we affirm.

The relevant facts show that in January 2022, Wilton Bryan petitioned to divorce Barrett. Bryan sought primary physical custody of the couple's young daughter. After the trial court entered an interim order awarding joint legal custody, Barrett moved to have a guardian ad litem appointed. Bryan objected, and the trial court denied the request on the basis that it did "not see any reason in the Motion which would justify [Barrett's] request[.]"

Thereafter, the trial court held a temporary custody hearing. At the beginning of the hearing, Barrett reiterated her request for a guardian ad litem. The trial court responded:

> Well, I am neither in favor of [the request] nor opposed to [the request], but I don't just call in guardian ad litems just [be]cause one party or the other want it. I first determine if there's a need for [the guardian] which is what I will do through this hearing and then if I think I need [the guardian] . . . then I'll order it, but I don't . . . let the attorneys drive the bus on a guardian ad litem.

Both parties testified during the hearing regarding their troubled marriage and mental health issues. At the end of the hearing, the trial court concluded that both Barrett and Bryan had "some mental health issues," but that Bryan's issues were situational whereas Barrett's were chronic. The court specifically called into question Barrett's judgment and decision-making. The court awarded Bryan primary physical custody and Barrett visitation pending the final decree. Barrett then renewed her request for the appointment of a guardian ad litem, and the court responded, "I just don't see where this is a case where these parties, either one of them, need to spend the money on it. I just don't see, I don't see the need for it."

In February 2023, the trial court entered the final divorce decree, which awarded primary physical custody to Bryan. Barrett sought leave to appeal the trial court's guardian ad litem ruling, asserting that the trial court abused its discretion in refusing to appoint a guardian. We granted Barrett's application for discretionary appeal, *Barrett v. Bryan*, Case No. A23D0263 (granted March 27, 2023), and this appeal followed.

1. The appointment of a guardian ad litem in a domestic relations case is governed by Uniform Superior Court Rule 24.9 (1), which provides:

> The Guardian ad Litem ("GAL") is appointed to assist in a domestic relations case by the superior court judge assigned to hear that particular case, or otherwise having the responsibility to hear such case. The appointing judge has the discretion to appoint any person as a GAL so long as the person so selected has been trained as a GAL or is otherwise familiar with the role, duties, and responsibilities as determined by the judge. The GAL may be selected through an intermediary.

There appear to be no cases discussing the extent to which a party is entitled to a guardian ad litem under this rule. However, Barrett does not assert in her appellate brief that the rule *requires* a trial court to appoint a guardian ad litem. Indeed, the main case upon which Barrett relies is *Padilla v. Melendez*, 228 Ga. App. 460, 462-463 (2)

(491 SE2d 905) (1997), which specifically recognized a trial court's discretion in appointing a guardian ad litem in a domestic relations case, and Barrett acknowledges that "this Court should review the trial court's ruling on an 'abuse of discretion' standard." That being said, because this Court has not addressed a trial court's obligation under Uniform Superior Court Rule 24.9 and because *Padilla* and another 1997 case addressing a similar issue[1] both relied on OCGA § 29-4-7,[2] which was repealed in 2005,[3] we take this opportunity to re-emphasize a trial court's duty with respect to appointing a guardian ad litem in a domestic relations case.

It is well settled that

> [w]hen child custody is an issue between parents, the trial court has very broad discretion, looking always to the best interest of the child. When the trial court has exercised that discretion, this court will not interfere

---

[1] *Dee v. Sweet*, 224 Ga. App. 285, 287-288 (1) (480 SE2d 316) (1997) (construing former OCGA § 29-4-7 to conclude that trial court did not abuse its discretion in refusing to appoint a guardian ad litem where the evidence failed to demonstrate that the parent's interests were adverse to those of her children).

[2] OCGA § 29-4-7 provided that "[w]hen a minor is interested in any litigation pending in any court in this state and he has no guardian or his interest is adverse to that of his guardian, such court *may* appoint a guardian ad litem for the minor. . . ." (Emphasis supplied.)

[3] See Ga. L. 2004, p. 161, § 1.

unless the evidence shows a clear abuse of discretion, and where there is any evidence to support the trial court's finding, this court will not find there was an abuse of discretion.

(Citation and punctuation omitted.) *Terrell v. Terrell*, 294 Ga. 208, 210 (751 SE2d 415) (2013). We conclude that this standard applies to a trial court's decision whether to appoint a guardian ad litem for the child under Uniform Superior Court Rule 24.9. Notwithstanding the fact that OCGA § 29-4-7 was repealed, we reiterate that the responsibility of the trial court in determining whether to appoint a guardian ad litem for the child is to consider the best interest of the child — including indications of potential danger to such child and whether the interests of the child are likely to be adequately protected by its natural guardian. See *Terrell*, 294 Ga. at 210; *Padilla*, 228 Ga. App. at 463 (2). Once a trial court has exercised its discretion to consider these factors, the court *may* appoint a guardian ad litem under Uniform Superior Court Rule 24.9, but the court is not required to do so. The trial court is merely required to exercise its discretion in determining whether a guardian ad litem should be appointed, and our review of that decision is under an abuse of discretion standard. See *Terrell*, 294 Ga. at 210; see also *Padilla*, 228 Ga. App. at 462-463 (2) (noting that trial court failed to properly exercise its discretion when it summarily denied a request

for a guardian ad litem without hearing evidence or arguments). This conclusion is consistent with our former law as well as current law addressing the appointment of a guardian ad litem in domestic relations cases involving adoptions. See OCGA § 19-8-17 (c) ("If at any time it appears to the court that the interests of the child may conflict with those of any petitioner, the court *may, in its discretion*, appoint a guardian ad litem to represent the child and the cost thereof shall be a charge upon the funds of the county.") (emphasis supplied).

Turning to the merits of Barrett's claims, we find that the trial court properly exercised its discretion in determining that a guardian ad litem was not necessary in the present action.

2. In her first enumeration of error, Barrett asserts that the trial court abused its discretion in refusing to appoint a guardian ad litem "in the face of recent, uncontroverted evidence of [Bryan's] compromised mental health which could have resulted in serious harm to the parties' then-four-year-old child." However, in the argument section of her appellate brief regarding this enumeration, Barrett never mentions the appointment of a guardian. Instead, she appears to assert that the evidence was insufficient to support the trial court's award of physical custody to

Bryan. Because Barrett did not raise a sufficiency argument in her enumeration of error or her application for discretionary appeal, this enumeration presents nothing for our review. See *Cousin v. Tubbs*, 358 Ga. App. 722, 726 (2) (856 SE2d 56) (2021) ("[E]numerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration.") (citation and punctuation omitted); see also *Zekser v. Zekser*, 293 Ga. 366, 369 (2) (744 SE2d 698) (2013) ("The issues on appeal are limited by the errors enumerated in the application for discretionary appeal.") (citation and punctuation omitted).

To the extent that Barrett's argument may be generously construed as asserting that a guardian ad litem appointment was required given the factual circumstances in this case, we find no merit in this argument. Here, the trial court stated that it would determine the need for a guardian ad litem appointment after hearing the evidence during the temporary hearing. Once both parties testified regarding their troubled marriage and mental health issues, the court exercised its discretion and determined that a guardian ad litem was not needed. Barrett has not met her burden of demonstrating error through her brief, generalized statements that the trial court abused its discretion in so finding. See *Tolbert v. Toole*, 296 Ga. 357, 363 (3) (767 SE2d

24) (2014) ("It is [the appellant]'s burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal."); *Terrell*, 294 Ga. at 210.

3. In related enumerations of error, both of which rely on *Padilla*, Barrett argues that the trial court erred in refusing to appoint a guardian ad litem based on the monetary cost to the parties and its declaration that the court was "the sole authority on child custody." While the trial court did mention, following the temporary hearing, that it did not see the need for either party to "spend the money on" a guardian ad litem and that the court would be "making the custody evaluations and . . . not pawning that off on any guardian ad litem," we do not read the trial court's statements as inappropriate or as the court's sole reasons for refusing Barrett's request for a guardian ad litem.

First of all, the record does not support Barrett's statement in her appellate brief that "[t]he only reason provided by the trial court for its three separate denials of [her] three separate requests was the financial costs to the parties." To the contrary, the trial court's initial order denying Barrett's request for a guardian ad litem noted only that Barrett failed to include any reasons in her motion justifying the request. The order did not mention any financial costs to the parties. Thereafter, prior

to the temporary hearing, Barrett renewed her motion, and the trial judge openly stated that he would determine after the hearing if he believed a guardian ad litem was necessary. Again, the trial court never mentioned any financial costs to the parties. Then, following the hearing, the trial judge stated that he did not "see the need" for a guardian: "I just don't see where this is a case where these parties, either one of them, need to spend the money on it. I just don't see, I don't see the need for it." While the trial court mentioned financial costs to the parties at this point, there is no indication in the record that cost was the court's sole driving force, as opposed to one factor, behind its refusal to appoint a guardian.

Second, Barrett also misconstrues the trial court's statement regarding custody evaluations. Barrett states in her appellate brief that the trial court "declar[ed] itself the sole authority on child custody and, apparently, the mental health of the parties." The transcript does not support Barrett's statement. Following the temporary hearing, Barrett's counsel asked about a custody evaluation with Dr. Tillitski in Macon, to which the trial judge responded: "I have a lot of respect for Dr. Tillitski, but this Court is making the custody evaluations and I'm not pawning that off on any guardian ad litem, any psychiatrist, anybody else[.]" The trial judge did not indicate

9

that he would "fulfill the role of a guardian ad litem," as argued by Barrett. Rather, the trial court was simply reminding the parties that it is the court's duty to make the ultimate custody determination in the case. See *Weaver v. Weaver*, 238 Ga. 101, 103 (2) (230 SE2d 886) (1976) (concluding that it is the duty of the court to make a custody determination in the best interests of the children), superceded by statute on other grounds, *Davidson v. Davidson*, 243 Ga. 848, 849 (1) (257 SE2d 269) (1979); *Pate v. Sadlock*, 345 Ga. App. 591, 597 (3) (814 SE2d 760) (2018) (holding that a court cannot delegate decisions regarding custody or visitation to an expert).

Barrett has not met her burden of demonstrating that the trial court abused its discretion in refusing to appoint a guardian ad litem on these grounds. See *Tolbert*, 296 Ga. at 363 (3); *Terrell*, 294 Ga. at 210. Here, unlike in *Padilla*, the trial court exercised discretion in denying Barrett's request for a guardian ad litem. 228 Ga. App. at 462-463 (2). The trial court said it would decide whether a guardian was needed after hearing evidence at the custody hearing, and, after hearing that evidence, the court determined a guardian ad litem was not needed. Under these circumstances, it cannot be said that the trial court abused its discretion. See, e.g., *Eagle Jets, LLC v. Atlanta Jet, Inc.*, 347 Ga. App. 567, 576 (2) (c) (820 SE2d 197) (2018) ("An abuse of

discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law.") (citation and punctuation omitted). The ruling of the trial court is affirmed.[4]

*Judgment affirmed. Mercier, C. J., and Miller, P. J., concur.*

---

[4] Bryan's motion for attorney's fees and expenses of litigation for a frivolous appeal, however, is denied.